**Martin Joseph HIGGINBOTHAM, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

**No. 3-381A67.**

Court of Appeals of Indiana, Fourth District.

Nov. 4, 1981.

---

Michael R. McEntee, Bowman & Crowell, Fort Wayne, for appellant.

Linley E. Pearson, Atty. Gen., Janis L. Summers, Deputy Atty. Gen., Indianapolis, for appellee.

YOUNG, Judge.

Appellant Martin Joseph Higginbotham was convicted of Driving Under the Influence of an Intoxicating Beverage and Causing the Death of a Human Being. Ind. Code 9–4–1–54(b).

He appeals presenting two issues. First, did the trial court erroneously construe the causation requirement of Ind.Code 9–4–1–54(b) and as a consequence erroneously instruct the jury about the elements of the offense? Second, did the trial court err by not permitting the defendant to cross-examine and argue about the return of his driver's license and his release after the accident and breath test?

Defendant fatally injured one Levi Monhollen by hitting him with his automobile. Defendant admits consuming four or five beers. His breath test showed a .165% alcohol content approximately two hours after the accident. There was conflicting evidence presented by the State as to whether the victim was on the pavement or off the road when he was hit.

Defendant's theory of defense was that he was not intoxicated and alternatively, that even if he was intoxicated the driving while intoxicated did not legally cause the accident and death because defendant was blinded by the setting sun and the victim was on the road. For purposes of further understanding appellant's contentions, the following evidence was also presented. Defendant was driving in a normal manner in a westerly direction approximately 30–35 miles per hour. There was testimony that defendant was proceeding straight down the road and was blinded by the setting sun. He felt something hit the car. He stopped the car. The impact was from the car hitting a child. The car was stopped on the pavement. Damage to the front of the car was to the left of the right headlight. From this defendant argues the child was on the road, that defendant did not see him because of the sun and regardless of his state of intoxication the accident would have occurred in the same manner. Therefore, his driving while intoxicated in no way caused the death of a human being. Also, to explain his intoxicated appearance, defendant presented evidence that his gait was usually staggered or somewhat unsteady, his eyes were bloodshot because he was a welder and that his speech was always a mumble or a slur. Defendant attempted to elicit from the police officer who administered the breath test that defendant was permitted to leave without formal arrest and that his driver's license was returned. Apparently, the jury was to believe from this evidence that defendant was not considered sufficiently intoxicated to be incarcerated, that prior observations were inaccurate, or to rebut the prima facie evidence of the breath test. Ind.Code 9–4–1–54(b)(4)(A).

The State argued at trial and the trial court ruled that the driving while intoxicated need not cause the death. The trial court held that the statute only required the State to show defendant was intoxicated, was operating a motor vehicle, and as a result a person died. Despite the State's argument, it did present evidence sufficient to show prima facie intoxication and that defendant drove in a swerving manner. Also, the witnesses stated all pedestrians were off the road when Levi Monhollen was hit by the car.

At the time of the offense the statute was as follows:

(b)(1) A person who operates a vehicle while:

(A) intoxicated; or

(B) unlawfully under the influence of a controlled substance; commits a Class A misdemeanor. However, the offense is a Class D felony if it results in the death of another person.

The statute before amended to the above form had provided in relevant part:

"(1) Any person who while under the influence of intoxicating liquor or unlawfully under the influence of narcotic or other habit-forming or dangerous, depressant or stimulant drugs operates or drives a vehicle and when so operating or driving causes the death of another person, is guilty of a felony and, upon conviction, shall be imprisoned . . . ."

The trial court based its ruling that causation was no longer required on the General Assembly's amendment omitting the term "causes" the death. (Ruling on defendant's Motion for a Judgment on the Evidence and ruling on the Motion to Correct Errors).[1]

 The trial court erred in its interpretation of the statute. It is generally the rule that where a crime is defined as to not merely require conduct, *but also a specified result* of conduct, the defendant's conduct must be the cause of the result. W. La-Fave & A. Scott, Criminal Law § 35 *Causation* (1972). The statute defining the offense requires a specific result of the conduct. The State on appeal does not dispute the requirement of causation.[2] Causation is required.

In *Bailey v. State*, (1980) Ind., 412 N.E.2d 56, 59 the argument was made that the term "results in", within the context of the Robbery statute, Ind.Code 35–42–5–1, was ambiguous, uncertain and required interpretation. The Supreme Court held that when considered in the context of the entire statute, the statute was not ambiguous. "The term is a causative one of considerable generality, but in denoting natural consequences and human responses to express

human conduct within the ambit of elements of the offense of the robbery, that quality does not result in legal uncertainty. . . . If an injury to any other person arises as a consequence of the conduct of the accused in committing a robbery, the offense is properly regarded as a Class A felony." *Id.* "Results in", therefore, is a general causative term requiring injury arising as a consequence of the conduct of the offense. *Id.*

We must determine whether defendant was harmed by the trial court's erroneous interpretation of the statute. The jury was instructed in the words of the statute.

The crime of Driving While Intoxicated is defined by statute as follows:

"A person who operates a vehicle while intoxicated commits a class A misdemeanor. However, the offense is a class D felony if it results in the death of another human being.

A person is driving while intoxicated if he is operating a vehicle while in an impaired condition of thought and action and the loss of normal control of one's faculties to a marked degree, caused by the use of alcohol to such an extent as to endanger other persons using the public highways.

To convict the defendant the State must have proved each of the following elements:

The defendant

1. operated a vehicle

2. while intoxicated and that death of a human being resulted.

If the State failed to prove each of these elements beyond a reasonable doubt, you should find the defendant not guilty.

If the State did prove each of these elements beyond a reasonable doubt, you should find the defendant guilty of Driving While Intoxicated and Causing the Death of a Human Being, a class D felony.

---

1. It appears that omission of "causes" death was more for grammatical purposes, rather than any substantive change. *Compare e. g.* Ind.Code 35–42–5–1 and *Bailey v. State*, (1980) Ind., 412 N.E.2d 56.

2. "[T]he decisions of our courts have made the requirement of causation be proven clear . . . ." Appellee's Brief 9.

Defendant argues that such wording is ambiguous as shown by the differing interpretations of the defendant and the trial court. Such ambiguity, he argues required explanation of causation to the jury. Defendant argues that "it must be assumed that the court's instruction reflected its construction of the statute that no causal connection be proven." (Reply brief 7–8). The State, of course, argues the instruction was a correct statement of the law.

While we do not assume error in this case, we do find error in the circumstances before us. Higginbotham was charged by information as follows, omitting caption, signatures and statement of oath:

> That on or about the 15th day of September, A.D., 1979, at the County of Allen and in the State of Indiana, said Defendant, Martin J. Higginbotham did then and there unlawfully, drive or operate a certain motor vehicle, to wit: a 1963 Plymouth bearing a 1979 Indiana License Plate Number 2N5073 while under the influence of Intoxicating Beverages and upon a public Highway, commonly known as Parrott Road, located in Allen County Indiana and did directly and proximately cause the death of Levi J. Monhollen, a Human Being who died on the 15th day of September, 1979, being contrary to the form of the Statute in such case made and provided.

Thus, defendant was charged in a manner requiring proof of causation. The statute required causation. Defendant tendered complete instructions on causation. The trial court concluded causation was not required. The thrust of the defense was that even if intoxicated or driving while intoxicated, such was in no way the cause of the accident or death.

■ Based upon these circumstances we hold defendant was harmed by the lack of instruction on causation. The instruction did trace the wording of the statute as far as the "results in" language. It also spoke in terms of loss of normal control of one's faculties caused by use of alcohol. However, the instruction did not require the jury to find, in order to convict defendant, that the death was caused by or a consequence of the operation of a vehicle with loss of normal control of faculties because of intoxication.[3] A term of such considerable generality, *Bailey, supra,* requires definition in a case such as the one before us where the core of the defense was that the intoxication did not in any way relate to the accident.

Secondly, Higginbotham argues the trial court erred in sustaining the plaintiff's objection thereby preventing defendant's cross-examination of a police officer about the return of his driver's license after the accident. Also, defendant contends the trial court erred by not permitting final argument regarding release after the breath test. Defendant states these matters are related and would have been developed more fully had cross-examination been permitted rather than restricted to the one question concerning the return of the license. He argues the return of the license and his release are contradictory to the finding by the officers of intoxication. The State counters that the officer was instructed by the prosecutor's office to release the defendant without arrest and such direction by the prosecutor explained the return of the license and the release.

Without the prosecutor's instructions to release defendant, the return of the license and release may have been in contradiction to the officers' other observations and thereby possessed some impeachment value. The instructions from the prosecutor seem to explain the reason for defendant's release and the seeming contradiction with other observations about the defendant. However, the effect of such explanation is a matter for the jury. The state of intoxication of defendant was certainly relevant to the issues in the case. The return of license and release, while not relevant to guilt, may have been indicative of the officers' belief

---

**3.** While there is sufficient evidence for the jury to have found causation, sufficiency is not the issue before us. The jury as the trier of fact must be given the opportunity to resolve conflicting evidence according to proper instructions.

as to the state of intoxication. The probative value of such evidence was to determine the value of the officers' testimony. *Pfefferkorn v. State*, (1980) Ind.App., 413 N.E.2d 1088, 1090.

The evidence may also have been relevant to rebut the *prima facie* intoxication standard provided by Ind.Code 9–4–1–54(b)(4)(A). If the officers' release could be interpreted (a function of the jury) as a belief by them that Higginbotham was not intoxicated to the degree his actions were impaired, the evidence would have probative value concerning the relation of intoxication to the cause of the accident as well.

▮ The trial court has discretion to regulate the scope of cross-examination. However, the exercise of such discretion must comport with due process. A fair trial requires the right to full, adequate and effective cross-examination. *Haeger v. State*, (1979) Ind.App., 390 N.E.2d 239, 240. Any doubt as to the legitimacy of questions on cross-examination must be resolved in favor of the questioner. *Sears v. State*, (1972) 258 Ind. 561, 282 N.E.2d 807.

▮ The police officer's reason for returning the license (and release of the defendant) was relevant and therefore cross-examination was improperly limited. We must determine that such restriction was prejudicial or an actual infringement. *Borosh v. State*, (1975) 166 Ind.App. 378, 336 N.E.2d 409; *Haeger, supra*.

▮ If the record reflects a curtailment of cross-examination *in limine, per se* error will be found. If the court has permitted some cross-examination, the reviewing court will apply the harmless error test.[4] Where cross-examination has been allowed consistent with the Sixth Amendment, review will be focused on the scope of cross-examination allowed.

▮ Although cross-examination of this officer was permitted, the subject of the return of the license (and release without arrest) was completely foreclosed. We find a curtailment of a requested line of cross-examination *in limine*. *Pfefferkorn, supra*. Such is *per se* error. *Haeger, supra; Springer v. United States*, (D.C.1978) 388 A.2d 846, 856.

For these reasons, we reverse and remand for a new trial.

MILLER, P. J., concurs.

HOFFMAN, P. J. (sitting by designation), concurs, with opinion.

HOFFMAN, Presiding Judge, concurring.

I concur in the majority, except I cannot agree however in the majority's analysis of the issue regarding the question on the return of Higginbotham's driver's license.

The question regarding the return of Higginbotham's driver's license is totally irrelevant to the issue of his intoxication and could serve only to confuse the jury. The fact that the license was returned does not indicate in any way that the police officer believed Higginbotham was not intoxicated. The police officer had no choice in the matter inasmuch as there is no statute giving an officer the authority to confiscate a driver's license. The power to suspend or revoke a driver's license lies with the commissioner of the bureau of motor vehicles and not with an individual police officer. Since the officer had no discretion in the return of the driver's license, his action could not be used to either impeach his testimony concerning Higginbotham's intoxication or to rebut the prima facie intoxication standard of IC 1971, 9–4–1–54(b)(4)(A).

---

4. See *Springer v. United States*, (D.C. 1978) 388 A.2d 846, 856:

> To hold harmless such error in curtailing constitutionally-protected cross-examination, it must be clear beyond a reasonable doubt "(1) that the defendant would have been convicted without the witness' testimony, or (2)

> that the restricted line of inquiry would not have weakened the impact of the witness' testimony." Note, *Constitutional Restraints on the Exclusion of Evidence in the Defendant's Favor: The Implications of Davis v. Alaska*, 73 Mich.L.Rev. 1465, 1473 (1975) (footnote omitted).