**Russell R. MICINSKI, Appellant (Defendant Below)**

v.

**STATE of Indiana, Appellee (Plaintiff Below)**

**No. 4–1084 A 300.**

Court of Appeals of Indiana, Fourth District.

June 27, 1985.

Rehearing Denied Aug. 23, 1985.

---

**6.** Chief Judge Buchanan does not assume, *arguendo* or otherwise, that the *Miranda* warnings were ineffective or inadequate.

Richard J. McDonald, Richard J. LaSalvia, South Bend, for appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

MILLER, Presiding Judge.

Russell Micinski appeals from a jury conviction on two counts of driving under the influence resulting in serious bodily injury, IND.CODE 9–4–1–54 and one count of leaving the scene of an accident resulting in injury or death to a person. IND.CODE 9–4–1–40. We reverse and remand, choosing to address the following two issues:

1. Is the state required to prove Micinski knew of an accident resulting in injury for conviction of leaving the scene under I.C. 9–4–1–40?

2. Was the evidence sufficient to support jury verdicts on both counts of driving under the influence resulting in serious bodily injury?

### FACTS

On September 26, 1982 at approximately 3:00 A.M. two victims of a hit and run accident, Kerin Mannion and Elizabeth McNerney, were found unconscious on a roadside in South Bend, Indiana. Each had suffered head injuries and Mannion had multiple bone fractures in his legs.

Approximately nine and one-half months later on July 8, 1983, the South Bend police received a tip through their crime stoppers department in regard to the hit and run accident. The ensuing investigation led to Russell Micinski whom two police officers approached on the morning of July 15, 1983. The policemen asked Micinski to

sign a waiver of rights form, which he did, and proceeded to question him about the hit and run accident on September 26, 1982. During the questioning, the officers asked Micinski about his car, a white 1975 Pontiac. Micinski stated he still owned the car and that it was parked at Z.B. Conservation Club in Greene Township. The Police Officers decided they wanted to view the automobile so they had Micinski sign another waiver of rights form and a permit to search form for his automobile.

The police officers proceeded to locate Micinski's car and searched it. They took paint samples and removed the car's damaged grill. Later tests showed that the paint on Micinski's car matched paint on the victims' clothing. Also, plastic grill fragments found at the scene of the accident matched the grill on Micinski's vehicle.

The police contacted the county prosecutor and suggested that Micinski be asked to give a statement. Micinski was contacted and agreed, signing a third waiver on that same afternoon. Micinski then admitted to the police that he had been drinking and driving in the vicinity of the hit and run accident, but stated he had no recollection of the collision. Micinski stated he probably had consumed more alcohol that night than he should have, because his recollection of the evening was impaired. He admitted driving his car that night and admitted that, when he heard about the accident the next day, it occurred to him that he might have been the driver of the hit and run car.

At trial, a medical expert, Dr. Robert Nelson, expressed an opinion in response to a hypothetical question that such a pattern of recollections could be attributed to alcoholic blackout, a condition of temporary amnesia induced by consumption of alcohol. He also stated that in his opinion a blood alcohol level of .10 or higher would be needed to induce such a blackout.

## DECISION

Micinski contends the trial court erred in failing to instruct the jury that the defendant must have knowledge there was an injury or property damage accident before he can be convicted for leaving the scene of an accident resulting in personal injury or property injury under IND.CODE 9-4-1-40.

Micinski's submitted instruction No. 4 read as follows:

"In order to prove the defendant left the scene of an injury accident, the State must prove beyond a reasonable doubt that the defendant was driving at the time and scene of the accident and had knowledge that there was an injury accident."

The court modified the instruction by omitting the requirement that the defendant have knowledge that there was an accident. Micinski contends this was error as I.C. 9-4-1-40 requires knowledge of an accident resulting in personal injury or property damage.

I.C. 9-4-1-40 reads as follows:

"9-4-1-40 Accidents; duty of driver; hit and run

Sec. 40. (a) The driver of any vehicle involved in an accident resulting in injury to or death of any person or injury to property shall immediately stop such vehicle at the scene of such accident or as close thereto as possible, and shall then forthwith return to and in every event shall remain at the scene of the accident until he has fulfilled the requirements of section 42, 43, or 44 of this chapter. Every such stop shall be made without obstructing traffic more than is necessary.

(b) A person who fails to stop or comply with the requirements of section 42, 43, or 44 of this chapter after causing injury to or death of any person commits a Class A misdemeanor. A person who fails to stop or to comply with those requirements after damaging the property of another commits a Class B misdemeanor."

The jury in this case, while deliberating, requested that the trial court answer the following question:

"On charge III does the defendant have to make a 'willful' decision to leave the scene to be guilty? If he does not know of the accident, does he willfully flee the scene?"

(Tr. p. 375) The trial court, however, refused to answer the question and merely reread the instruction which omitted the requirement of knowledge. Later in its memorandum denying defendant's motion to correct errors, the trial court conceded that the majority rule in other states is that some knowledge is required by hit and run statutes, but asked for guidance from the Court of Appeals as to what type of knowledge is required.

The state argues that I.C. 9–4–1–40 does not specify that violators have knowledge that an accident occurred, and that the statute should be construed not to require specific intent.

■ In Indiana the absence of the words "knowingly or intentionally" is not conclusive on the issue of whether knowledge is required. Traditionally, offenses which are *malum in se*, i.e. inherently and naturally evil, and crimes taken from the common law such as robbery and theft, have always included knowledge as an element. The omission of words such as "knowledge" and "intent" in statutes proscribing such offenses does not negate this element. *Gregory v. State* (1973), 259 Ind. 652, 291 N.E.2d 67. In crimes which are *malum prohibitum* the issue of whether knowledge is an element is one of statutory construction and must be determined in view of the legislative intent. *Satterfield v. State* (1984), Ind.App., 468 N.E.2d 571. *See also Malich v. State* (1930), 201 Ind. 587, 169 N.E. 531.

The only case we find in Indiana dealing with this particular issue is *Runyon v. State* (1941), 219 Ind. 352, 38 N.E.2d 235. The defendant was convicted of leaving the scene of an accident under a statute which was the predecessor to I.C. 9–4–1–40 and which like the present statute did not explicitly mention the requirement that knowledge of an accident resulting in personal or property injury was an element of the offense. Our supreme court concluded:

"There is sufficient evidence in the record to establish every element of the offense, that appellant's car struck Russell, that she then knew thereof, that she did not stop nor aid nor offer to aid the victims, nor disclose to any one that night any of the information required by the statute."

*Id.* 38 N.E.2d at 239. The obvious inference from the *Runyon* opinion is that knowledge of an accident resulting in personal or property injury is a requirement for conviction of leaving the scene of an accident.

Further, the rule in a majority of other jurisdictions with statutes similar to I.C. 9–4–1–40 is that, although the statute does not expressly require knowledge of an accident, the state has the burden of proving such knowledge beyond a reasonable doubt before there can be a conviction. *See, State v. Sidway* (1981), 139 Vt. 480, 431 A.2d 1237; *State v. Miller* (1981), Iowa, 308 N.W.2d 4; *State v. Porras* (App.1980), 125 Ariz. 490, 610 P.2d 1051; *Abrego v. State* (1980), Tex.Crim., 596 S.W.2d 891; *People v. Nunn* (1979), 77 Ill.2d 243, 32 Ill.Dec. 914, 396 N.E.2d 27.

In *People v. Nunn, supra,* the Supreme Court of Illinois stated:

"A factor to be considered in determining whether a statute creates an absolute-liability offense is the possible punishment which can be imposed for a violation. It would certainly be unreasonable to conclude that the legislature intended to subject a person to a severe penalty for an offense that he might unknowingly commit. [Citations omitted.] ... The statute involved here, section 11–401, provides for penalties that in this context must be considered substantial. The offense created is a Class A misdemeanor calling for a maximum penalty of a fine of $1,000 and a sentence to the penitentiary of 364 days."

■ Here, Micinski was charged with a Class A misdemeanor which calls for maximum penalties of a $5,000.00 fine and one

year in prison. IND.CODE 35–50–3–2. These sanctions must also be considered substantial and suggest that our legislature did not intend to create a strict liability offense. Consequently, we fall in line with the majority of states and hold that knowledge is a required element under I.C. 9–4–1–40.

■ We do not believe, however, that a defendant must have *actual* knowledge of an accident resulting in injury to person or property. Such a requirement would reward the callous who refuse to stop and investigate. *State v. Porras, supra.* The shortcomings of such a rule were addressed in *People v. Holford* (1965), 63 Cal.2d 74, 45 Cal.Rptr. 167, 403 P.2d 423:

> "Usually, however, such knowledge must be derived from the surrounding facts and circumstances of the accident. (Citation omitted.) Yet the driver who leaves the scene of the accident seldom possesses actual knowledge of injury; by leaving the scene he forecloses any opportunity to acquire such actual knowledge. Hence a requirement of actual knowledge of injury would realistically render the statute useless. We therefore believe that criminal liability attaches to a driver who knowingly leaves the scene of an accident if he actually knew of the injury or if he knew that the accident was of such a nature that one would reasonably anticipate that it resulted in injury to a person."

63 Cal.2d at 79, 45 Cal.Rptr. at 171, 403 P.2d at 427. We agree with the reasoning of *Porras* and *Holford* that circumstantial evidence may be used to prove knowledge of personal or property injury.[1]

Here the trial court's instruction on leaving the scene of a personal injury accident was in error because no mention was made that a defendant must have knowledge the accident resulted in personal injury. We reverse and remand for a new trial on this issue.

Micinski's other contention is that the evidence is insufficient to prove beyond a reasonable doubt that he was driving a motor vehicle under the influence which resulted in serious bodily injury.

Our standard of review on sufficiency issues is well settled. We neither reweigh the evidence nor judge the credibility of witnesses. Rather, we consider only the evidence most favorable to the state, together with all reasonable inferences therefrom. If there is substantial evidence of probative value to support the conclusion of the trier of fact, the judgment will be affirmed. *Anderson v. State* (1984), Ind., 466 N.E.2d 27.

■ A person who operates a vehicle while intoxicated commits a Class D felony if the intoxication results in serious bodily injury. I.C. 9–4–1–54. To convict under this statute, the state must prove beyond a reasonable doubt that the defendant (1) operated a vehicle (2) while intoxicated, and (3) that the intoxication did directly and proximately cause serious bodily injury. *Higginbotham v. State* (1981), Ind.App., 427 N.E.2d 896.

The evidence put forth by the state with regard to driving under the influence resulting in serious bodily injury consisted of (1) Micinski's statements to the police that he was driving the night of the accident; (2) Micinski's statement that he thought he had too much to drink because his memory was impaired; (3) Dr. Nelson's testimony that in his opinion a person whose memory was impaired due to alcoholic blackout would have a blood alcohol level of at least .10%, and (4) the evidence linking Micinski's car to the accident.

■ We find this evidence to be insufficient to meet the third prong of the *Higginbotham* test. There is nothing linking Micinski's intoxication to the accident. There was no evidence that his driving was erratic, that his reactions were impaired, or that he was not on the road. On the contrary,

---

1. In *Porras* the court noted that in many cases the circumstantial evidence which would tend to prove a defendant's knowledge that a collision occurred would likewise tend to prove a defendant's knowledge of personal or property injury.

testimony was given stating that the night was foggy and visibility poor, that the two victims were intoxicated, and that they were on the road. The state wholly failed to introduce any evidence that Micinski's intoxication resulted in serious bodily injury. *Higginbotham, supra.*

In conclusion, we find the trial court erred in excising the portion of Micinski's submitted instruction that required the state to prove he had knowledge of an accident resulting in personal injury. We reverse Micinski's conviction of leaving the scene and remand for a new trial on this issue. Also we find jury verdicts on counts I and II, driving under the influence resulting in serious bodily injury, were not supported by sufficient evidence and reverse Micinski's convictions on these counts.

YOUNG, J., concurs.

CONOVER, J., dissents with separate opinion.

CONOVER, Judge, dissenting.

I respectfully dissent. As to the "knowledge" element

(a) whether Micinski knew he had been involved in an accident resulting in injury was a jury question,

(b) there was substantial evidence of probative value supporting the jury's verdict on this aspect, and

(c) the trial court's error, if any, in striking that element from Micinski's tendered instruction was at best harmless.

Further, there was substantial evidence of probative value supporting the jury verdicts as to both counts of driving under the influence resulting in serious bodily injury.

I. MICINSKI'S "KNOWLEDGE"

*Runyon v. State* (1941), 219 Ind. 352, 38 N.E.2d 235 is dispositive on the issue of knowledge. The *Runyon* court said

But appellant insists that the State did not show that *she had knowledge* that she had been involved in an accident.... Even if there were two possible inferences from the evidence, one consistent with her lack of knowledge, nevertheless the

trial court could draw the inference of knowledge and we upon appeal can not say that he should have drawn the other inference. *White v. State,* 1941, [219] Ind. [290], 37 N.E.2d 937. (Emphasis supplied).

There is sufficient evidence in the record *to establish every element of the offense,* the appellant's car struck Russell, that she then *knew thereof,* that she did not stop nor aid nor offer to aid the victims, nor disclose to any one that night any of the information required by the statute. (Emphasis supplied).

*Runyon,* 38 N.E.2d at 238–239.

Without question in my view the circumstantial evidence is overwhelming in its support of the jury's determination Micinski knew an accident had occurred which resulted in serious personal injury.

Micinski's evidence does not even controvert the circumstantial evidence regarding knowledge. The only evidence remotely bearing on that subject was contained in his statement wherein he admitted he had been drinking and driving and driving in the vicinity of the hit and run accident but had no recollection of the collision. Thus, the circumstantial evidence he knew the accident had occurred stands uncontroverted.

II. HARMLESS ERROR

The majority predicates reversal as to the leaving the scene count because the trial court erred by failing to include the knowledge element in Micinski's tendered instruction. In view of the overwhelming nature of the circumstantial evidence on this subject the trial court's failure to include that element, if indeed it was error, was merely harmless.

III. SUFFICIENCY OF THE EVIDENCE

As to the sufficiency of the evidence on the two counts of intoxication and the two counts of operating a vehicle while intoxicated resulting in serious bodily injury, the evidence again is not only substantial, it is overwhelming. Micinski admitted to the police the following:

(a) he was driving that night in the vicinity of the scene of the accident;

(b) by his own admission he thought he had too much to drink because his memory was impaired;

(c) an expert testified in his opinion a person whose memory was impaired due to alcoholic blackout would have had a blood alcohol level of at least .10 percent; and

(d) the automobile debris at the scene perfectly matched the parts of Micinski's automobile which were missing when the police later inspected it, and paint scrapings from the vehicle perfectly matched paint samples taken from the victims' clothing.

I believe it clear and unarguable, especially on appeal, the evidence is substantial and probative as to each of the three points of the *Higginbotham v. State* (1981), Ind. App., 427 N.E.2d 896 test. Thus, the evidence supports the jury's verdict. *Runyon*, 38 N.E.2d at 239.

For these reasons I would affirm the trial court.