Russell R. MICINSKI,
(Defendant Below),

v.

STATE of Indiana, (Petitioner).

No. 71S04–8601 CR–3.

Supreme Court of Indiana.

Jan. 6, 1986.

Concurring and Dissenting Opinion
Jan. 22, 1986.

Richard J. McDonald, Richard J. LaSalvia, South Bend, for Russell Micinski.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for the State.

SHEPARD, Justice.

Russell Micinski was convicted of one count of leaving the scene of an accident involving personal injury, a Class A misde-

meanor, and two counts of driving under the influence causing bodily injury, a Class D felony. He sought review in the Court of Appeals, which reversed both convictions by a divided vote. *Micinski v. State* (1985), Ind.App., 479 N.E.2d 632. We grant the State's Petition for Transfer, vacating the opinion of the Court of Appeals.

The evidence at trial tended to show that on the evening of September 25, 1982, appellant had been drinking on into the morning hours, drinking more than he should have, he said later. After the bar closed, Micinski proceeded to drive himself home. Headed down South Bend Avenue on a foggy night, he struck two Notre Dame students who were walking in the road, causing long-term brain damage in each, as well as other injuries. Micinski proceeded on home, awaking the next morning to hear news of the accident on the radio. He wondered whether he might have been involved, but "just passed it off right away" since he was "a pretty safe driver, usually very careful."

Nine months later, South Bend police went to interview Micinski after receiving a tip. He was completely cooperative, although he stated consistently that he did not have any recall of being involved in a collision. Investigation showed that plastic fragments found at the scene of the accident came from the grill of Micinski's car. Fabric impressions on the grill matched those made from the victims' clothing. The students' clothing also contained paint matching the paint from appellant's car.

Micinski raised a number of issues in the Court of Appeals, which found two of the questions to be dispositive of the case:

I. Is the state required to prove Micinski knew of an accident resulting in injury for conviction of leaving the scene under Ind.Code § 9–4–1–40?

II. Was the evidence sufficient to support jury verdicts on both counts of driving under the influence resulting in serious bodily injury?

### I. Micinski's "Knowledge"

Appellant was charged in Count I with violation of Ind.Code § 9–4–1–40 (Burns 1985 Supp.), which reads as follows:

(a) The driver of any vehicle involved in an accident resulting in injury to or death of any person or injury to property shall immediately stop such vehicle at the scene of such accident or as close thereto as possible, and shall then forthwith return to and in every event shall remain at the scene of the accident until he has fulfilled the requirements of section 42, 43, or 44 of this chapter. Every such stop shall be made without obstructing traffic more than is necessary.

(b) A person who fails to stop or comply with the requirements of section 42, 43, or 44 of this chapter after causing injury to any person or damage to the property of another commits a class B misdemeanor. However, the offense is a class D felony if the accident involved serious bodily injury to or the death of any person.

Appellant tendered to the trial court a proposed Instruction No. 4, which read:
In order to prove the defendant left the scene of an injury accident, the State must prove beyond a reasonable doubt that the defendant was driving at the time and scene of the accident and had knowledge that there was an injury accident.

The trial court refused to give that part of the instruction which told the jury that the defendant needed to have "knowledge that there was an injury accident" and modified the instruction to say that the proof need show simply that the defendant "was involved in an injury accident".

Appellant states that the majority of states have concluded that knowledge that an accident occurred is an essential element of proof in an prosecution under a "hit-and-run" statute, citing the case compiled at 23 A.L.R.3d 497.

The only similar Indiana decision is *Runyon v. State* (1941), 219 Ind. 352, 38 N.E.2d 235, in which this Court affirmed a "hit and run" conviction over the defendant's claim that she could not be found guilty since she did not have any knowledge that she had hit the victim. The Court found this claim "incredible" since the driver had hit the deceased so hard the blow was heard for five hundred feet. In any event, the Court appeared to assume that lack of knowledge would have been a defense.

■ We now make explicit what was assumed in *Runyon*, that knowledge of the fact that an injury accident has occurred is

a necessary element of the proof in a prosecution under Ind.Code § 9–4–1–40.

▓▓▓ This is not to say that the State must prove *actual* knowledge of an injury accident in order to obtain a conviction. That would make it virtually impossible to prove up a case of "hit-and-run". Moreover, as Judge Miller said so well in his opinion below: "Such a requirement would reward the callous who refuse to stop and investigate." 479 N.E.2d at 636. The jury may infer that a defendant knew that an accident occurred or that people were injured from an examination of the circumstances of the event. Where conditions were such that the driver should have known that an accident occurred or should have reasonably anticipated that the accident resulted in injury to a person, the requisite proof of knowledge is present.

Micinski urges that the trial court's refusal of his instruction was reversible error. Although this Court has held that error in refusing an instruction is harmless when a conviction is clearly sustained by the evidence and the jury could not properly have found otherwise, we have tended to find error harmless where the refused instruction covered issues which were not central to the issues in the case, such as instructions on weighing evidence. *Battle v. State* (1981), 275 Ind. 70, 415 N.E.2d 39. See also *Grossenbacher v. State* (1984), Ind., 468 N.E.2d 1056.

▓▓▓ We are less inclined to find harmless error where the refused instruction covers something so vital as the necessary elements of proof. Where the substance of an instruction is required to be given and was not already covered by other instructions, reversal may be necessary. *Carroll v. State* (1975), 263 Ind. 696, 338 N.E.2d 264. Our Court of Appeals has also found reversible error where it appears that the jury's verdict might have been based on the instruction at issue or where the trial court's action leaves the jury in doubt as to the law. *Hardy v. State* (1982), Ind.App., 442 N.E.2d 378.

▓▓▓ It is apparent that the jury had some confusion on the point covered by Micinski's tendered instruction, since during deliberations they requested that the trial judge answer the following question:

On charge III does the defendant have to make a "willfull" decision to leave the scene to be guilty? If he does not know of the accident, does he willfully flee the scene?

The trial judge did not respond to this question, but re-read the instructions. In a memorandum on his ruling on Micinski's Motion to Correct Errors, the judge indicated that he found the available authority to be divided and said "it is impossible to retry the matter without direction from the Indiana Court of Appeals or the Supreme Court."

The uncertainty in the mind of both jury and judge on the central question of what the State needed to establish in order to carry its burden of proof was such that the refusal of Micinski's tendered instruction, which correctly stated the law, was reversible error.

Accordingly, we grant Micinski's request for a new trial on Count III, Leaving the Scene.

## II. Sufficiency of the Evidence

We now turn to Micinski's argument that there was insufficient evidence to support his convictions for driving under the influence causing bodily injury because there was no proof that intoxication directly and proximately caused the injury. At the time of the offense in question, Ind.Code § 9–4–1–54(b)(2) read:

A person who operates a vehicle while intoxicated commits a Class A misdemeanor. However, the offense is a Class C felony if it results in the death of another person and is a Class D felony if the offense results in serious bodily injury (as defined by IC 35–41–1–2), other than death, to another person. P.L. 122–1981.

Micinski cites *Higginbotham v. State* (1981), Ind.App., 427 N.E.2d 896, in which the Fourth District held that the Code required the State to prove that the act of driving while intoxicated caused the death of a person. It further noted that the information against the defendant charged that his driving while intoxicated "did directly and proximately cause" the death of another. Micinski urged the Court of Appeals to read *Higginbotham* as requiring that the State prove "that the defendant's intoxication directly and proximately caused the serious bodily injury as is re-

quired under I.C. 9–4–1–54...." The Court agreed and held:

> To convict under this statute, the state must prove beyond a reasonable doubt that the defendant (1) operated a vehicle (2) while intoxicated, and (3) that the intoxication did directly and proximately cause serious bodily injury.

*Micinski*, supra at 636.

In effect, this construction of the statute leads the jury to ask a "but-for" kind of question: "Is it the driver's intoxication that caused him to hit the victim?" We conclude that this is not what the legislature intended. The statute creates a crime—driving while intoxicated—and adds higher penalties if the commission of this offense results in serious injury or the death of another person. There is, of course, a need to show causation; in the typical case a showing that the driver ran into the victim would suffice. We find nothing in the statute to indicate that the General Assembly intended to require that the State prove a causal link between the driver's intoxication and the fact that injury resulted from his driving.

This is not to say that a drunk driver who hits a child who has run out from between two parked cars is not entitled to ask a jury to find him not guilty because there is reasonable doubt whether he caused the collision. In fact, Micinski has made a similar argument: he asserts that the proof showed the fog and the victims may have caused the collision. The jury heard this argument and the evidence and found Micinski guilty. Our review of the evidence indicates they were entitled to do so.

■ Analysis of this statute should focus on the driver's acts and not on speculation about whether he could have stopped if he had been sober. If the driver's conduct caused the injury, he commits the crime; if someone else's conduct caused the injury, he is not guilty. We see Ind.Code § 9–4–1–54(b)(2) [now re-enacted as § 9–11–2–4] as having two elements. The State need prove:

(1) That the defendant was driving while intoxicated, and

(2) That his act of doing so resulted in serious bodily injury to another person.

To the extent that it suggests otherwise, *Higginbotham* is overruled.

■ Since both victims suffered loss of memory and since Micinski said he did not remember the accident, the State submitted extensive circumstantial evidence during its case on the counts of driving under the influence resulting in bodily injury. The jury saw a diagram of the scene, photographs of the street on the night of the accident and in daylight, photographs showing the location of the bodies of the two victims and photographs showing the young male victim as he lay unconscious at the scene. There was testimony about the nature of the injuries sustained by each victim. The jury examined photographs showing the location of various pieces of clothing and examined the clothing itself.

The jury heard evidence on the nature of the pavement and the shoulder and saw pictures showing the location of a piece of grillwork which came off appellant's car at the scene as well as picture of the grill itself and the car. There was information on the distances various pieces of evidence and landmarks were from each other. There was testimony concerning the weather (foggy) and the visibility on the street at the time of the accident (150 feet). The jury heard such limited testimony as was available from each victim concerning the events of the night in question and read statements made by Micinski to the police.

Micinski's counsel argued to the jury that there was inadequate evidence to place his client at the scene of the accident. Further, he argued that the accident could as easily have been caused by the fact that the two victims had been drinking themselves, by the fact that they were walking on the pavement (there was not a sidewalk on their side of the street), by the darkness of their clothing, and by the weather. Record, pp. 608–613.

Having heard the evidence and these arguments, among others, the jury concluded that Micinski had driven under the influence and that he caused an accident in which there was bodily injury. We find that the evidence was such that the jury was entitled to reach that conclusion and thus we decline to vacate Micinski's convictions under Count I and II on the basis of insufficient evidence. It was not necessary to prove that his intoxication caused the accident, only that *he* caused the accident.

Because of our disposition of these issues, we proceed to address the remaining questions raised by appellant.

### III. Auto Grill

■ Appellant sought to suppress the grill which police removed from his car, claiming that this action exceeded the scope of the consent form he had signed authorizing a search. The form permitted officers "to take from (my motor vehicle) any merchandise, personal property or chattels that may be involved in the investigation they are conducting." We deem this consent sufficient authority for removal of the grill.

### IV. Micinski's Statement

■ Appellant sought to suppress a statement he gave to the police on July 15, 1983, on the basis that it was not voluntarily given. The State introduced evidence showing that appellant had twice been read his rights under *Miranda v. Arizona* (1966), 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694. There was testimony from the investigating officers that appellant listened to this advisement, read it himself, and signed a waiver. In reviewing the voluntariness of a statement, this Court will examine the totality of the circumstances but not reweight the evidence before the trial court. *Grassmyer v. State* (1981), Ind., 429 N.E.2d 248. We do not find any basis for concluding that the appellant's statements were other than voluntarily and intelligently given.

### V. Photograph

■ The appellant assigns as error the trial judge's decision to admit over his objection a photograph of one of the victims lying unconscious at the scene of the accident. He urges that this decision is erroneous because the photograph was irrelevant and superfluous. Neither of these objections was made at trial. As for the potential of the photograph to inflame the jury, appellant has not articulated any reason why the photograph tended to influence improperly the jury's decision. The photograph in question does not appear to be inflammatory and cannot be said to be repetitious in the way apparent in *Akins v. State* (1981), Ind., 429 N.E.2d 232.

### VI. Testimony of Dr. Robert Nelson

■ On the first day of trial, the prosecutor informed the court and counsel for the appellant that he intended to call Dr. Robert Nelson as an expert witness. Nelson had not been included on the State's list of witnesses. Counsel for defendant did not object but asked to reserve the right to depose Dr. Nelson. Nelson proceeded to testify later in the trial, without objection. Appellant now claims that this constituted a denial of his rights under the Fifth and Fourteenth Amendments to the U.S. Constitution. Where evidence is admitted without objection, the defendant has waived any defects. *Stubblefield v. State* (1979), 270 Ind. 421, 386 N.E.2d 665.

### VII. Trial Publicity

■ On the final morning of trial, counsel for appellant informed the trial judge that a news broadcast on WNDU–TV in South Bend had contained information prejudicial to Micinski, including a faulty re-enactment of the accident and the fact that he had been convicted for drunk driving subsequent to the events for which he was being tried. The trial judge inquired of the jury as follows:

> Good morning, ladies and gentlemen. Before we begin this morning, I would like to ask all of you whether there were any of you who had any problems last evening avoiding press accounts of the trial. Is there anyone who was exposed to any press accounts of the trial? Okay. Good. We thank you for being cautious about that. Transcript, p. 322.

This Court has suggested a procedure for trial judges faced with this situation:

> Upon a suggestion of improper and prejudicial publicity, the trial court should make a determination as to the likelihood of resulting prejudice, both upon the basis of the content of the publication and the likelihood of its having come to the attention of any juror. If the risk of prejudice appears substantial, as opposed to imaginary or remote only, the court should interrogate the jury collectively to determine who, if any, has been exposed.

*Lindsey v. State* (1973), 260 Ind. 351, 358, 295 N.E.2d 819, 824.

Counsel for appellant suggests that the trial judge erred by failing to ask jurors in a direct way whether they had watched television reports on WNDU. We conclude that the trial judge's approach was entirely proper and that the appellant does not have a basis for reversal on this issue.

Appellant's conviction on Count III, Leaving the Scene is reversed and the matter is remanded to the trial court for retrial. Appellant's convictions on Count I

and II, Driving While Intoxicated Resulting in Serious Bodily Injury are affirmed.

DeBRULER and PRENTICE, JJ., concur.

GIVAN, C.J., and PIVARNIK, J., join in affirming the convictions on Counts I and II but dissent from the reversal of the conviction on Count III.

GIVAN, Chief Justice, concurring in part and dissenting in part.

I respectfully dissent from that portion of the majority opinion reversing the trial court as to the conviction of leaving the scene of an accident involving personal injury.

I agree with the observations made by Judge Miller in his opinion in the Court of Appeals in this case. I do not agree with the conclusion he draws from those observations. I have the same problem with the majority opinion in this case. Although the majority correctly indicates the trial judge is requesting direction on appeal as to how matters of this nature should be handled, I feel the majority opinion will not aid him a great deal in that regard.

The majority opinion at least implies that it was reversible error to refuse to give the instruction tendered by appellant. However, that instruction is incomplete and incorrect so far as the law as set forth in *Runyon v. State* (1941), 219 Ind. 352, 38 N.E.2d 235, which is cited in both Judge Miller's opinion and the majority opinion of this Court. Judge Miller also makes a correct statement of the law, citing several authorities from other jurisdictions.

Appellant's proposed Instruction No. 4, quoted in the majority opinion, is defective in that it would mislead the jury into thinking that no conviction would be possible on a charge of leaving the scene of an accident unless the State could prove that the defendant had knowledge that there was an injury involved in the accident. The defect is that it would be impossible for the State to ever prove the actual state of mind or knowledge of the defendant at the time of the accident.

Whether or not the defendant had knowledge must be determined from the surrounding facts as found by the jury. The knowledge in almost any hit-and-run case must be implied from the facts. This is clearly set out by the cases cited by Judge

Miller in his opinion and the majority opinion in this Court. Had the tendered instruction read in part, "had knowledge or he reasonably should have known from the nature of the accident that injury was involved," the jury could have made their decision based upon the facts in the case without a great deal of difficulty. The instruction as tendered by the appellant was incomplete; therefore, the refusal to give the instruction as tendered should not be used as a reason for reversal. *See State v. Edgman* (1983), Ind.App., 447 N.E.2d 1091.

I would therefore affirm the trial court in all things.

PIVARNIK, J., concurs.