ROBERTSON and GARRARD, JJ., concur.

**Robert E. WASHINGTON, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

**No. 49A02–8912–CR–634.**

Court of Appeals of Indiana, Second District.

Jan. 24, 1991.

Lesa Lux Johnson, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Wendy Stone Messer, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee.

SHIELDS, Presiding Judge.

Robert E. Washington appeals his convictions of leaving the scene of an accident, a class B misdemeanor,[1] and operation of a motor vehicle without proof of financial responsibility, a class C misdemeanor.[2]

We affirm in part and reverse in part.

## ISSUES

1. Whether the trial court erred in admitting into evidence a photo array and identification testimony by two of the State's witnesses.

2. Whether the evidence is sufficient to support Washington's convictions.

## FACTS

On February 13, 1989 Washington's vehicle hit Julie Finchum's vehicle as Finchum turned onto Central Avenue from 13th Street in Marion County. Washington parked his truck about a block and a half away before exiting on the driver's side, approached Finchum, told her his car was okay, and asked her whether she could take care of her car. Finchum advised she needed a police report. A police officer arrived on the scene and told Finchum and Washington another officer would be there shortly to make the report. Washington said he had to get his registration, walked toward his truck and then disappeared, leaving his truck behind. Washington was traced through the vehicle's license plate and ordered to the police station. Officer William Miller advised Washington of his rights after which Washington signed a waiver form. He told Miller he was not driving his car on February 13; he had lent

---

1. IC 9–4–1–40 (1988).

2. IC 9–4–1–53.5 (1988).

it to a Kenneth Henderson. Washington also told Miller he had no insurance. Miller took a photograph of Washington. On February 23 Finchum and another witness, Lisa Heinkel, identified Washington from a photo array as the driver of the vehicle that hit Finchum's vehicle.

## DISCUSSION

### I.

■ Washington argues the trial court erred in admitting the out-of-court and in-court identification testimony of Finchum and Heinkel. There is no error. Washington failed to object to the testimony and by so doing Washington waived any error in its admission. *Lee v. State* (1988), Ind., 519 N.E.2d 146. The later admission of the photo array itself was merely cumulative of the unobjected to testimony. *Id.*

### II.

■ Washington argues the evidence is insufficient to support his convictions. This court will not reweigh the evidence or judge the credibility of witnesses. We will review the evidence most favorable to the judgment and any reasonable inferences which may be drawn therefrom. If there is evidence of probative value from which a reasonable trier of fact could find the existence of each element beyond a reasonable doubt the convictions will be affirmed. *Bartruff v. State* (1990), Ind., 553 N.E.2d 485.

Washington argues the State failed to prove the elements of the offense of leaving the scene of an accident. IC 9-4-1-40 (1988). Washington argues the State failed to show damage to the property of another and Washington's knowledge of such damage. *See Micinski v. State* (1986), Ind., 487 N.E.2d 150; *Lowe v. State* (1982), Ind. App., 433 N.E.2d 798.

■ The trier of fact may infer a defendant knew an accident occurred or that people were injured from an examination of the circumstances of the event. *Micinski.* Finchum testified her vehicle sustained damage in the amount of $1,700.00. Heinkel testified she saw the damage to Finc-

hum's vehicle. Washington asked Finchum whether she could take care of her car. Washington left the scene after Finchum indicated she needed a police report. A reasonable inference from this evidence is that Washington knew Finchum's vehicle was damaged. The evidence is sufficient to support Washington's conviction of leaving the scene of an accident.

■ Washington also argues the State failed to prove Washington committed the offense of operating a motor vehicle without proof of financial responsibility. IC 9-4-1-53.5 (1988) provides in relevant part:

A person who operates or permits the operation of a motor vehicle on a public highway in Indiana and who does not prove financial responsibility in the amounts and manner specified by IC 9-2-1 commits a Class C misdemeanor.

IC 9-2-1-16 reads as follows:

Proof of financial responsibility when required under this chapter may be given by any of the following alternate methods:

(1) proof that a policy or policies of motor vehicle liability insurance have been obtained and are in full force and effect;

(2) proof that a bond has been duly executed; or

(3) proof that deposit has been made of money or securities;

all as provided in this chapter.

Thus, financial responsibility may be established by proving an insurance policy has been obtained, a bond has been duly executed, or a deposit of money or securities has been made in the amounts and manner specified in IC 9-2-1.

The elements, then, of the offense of operating a motor vehicle without proof of financial responsibility which the State must prove beyond a reasonable doubt are that the defendant:

1. operated or permitted the operation of a motor vehicle

2. on a public highway

3. without financial responsibility in the form of insurance, a bond, or a deposit of

money or securities in the appropriate amount and manner specified in IC 9–2–1.

 Washington correctly argues the State failed to meet its burden of proving he did not prove his financial responsibility. Although Washington told Officer Miller he had no insurance,[3] the State failed to offer evidence that Washington failed to present proof of alternate forms of financial responsibility. The evidence is insufficient to support Washington's conviction.

Washington's conviction of leaving the scene of an accident is affirmed; his conviction of operating a motor vehicle without proof of financial responsibility is reversed.

RATLIFF, C.J., and BUCHANAN, J., concur.

---

3. Washington argues his statement to Officer Miller is inadmissible because the waiver form signed by Washington was not admitted into evidence. Washington failed to object when Miller testified concerning the statement; therefore, the objection was waived. *Ingram v. State* (1989), Ind., 547 N.E.2d 823.