Chelsea SPAULDING, Jr.,
Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 27A05–0405–CR–244.

Court of Appeals of Indiana.

Oct. 13, 2004.

---

**12.** The checkpoint in the present case was established to be somewhat more effective than that in *Gerschoffer*.

Jerry T. Drook, David Glickfield, Jr., Marion, IN, Attorneys for Appellant.

Steve Carter, Attorney General of Indiana, Justin F. Roebel, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BARNES, Judge.

### Case Summary

Chelsea Spaulding appeals his conviction for driving while suspended resulting in death, a Class C felony. We affirm.

### Issue

The sole issue before us is whether there was sufficient evidence to prove beyond a reasonable doubt that Spaulding's driving caused the death of Charles Lloyd.

### Facts

The evidence most favorable to the conviction reveals that as the sun was setting on September 2, 2002, Spaulding was traveling west on a rural road in Grant County. At the time, Spaulding's license was suspended for one year as a result of a prior conviction for operating while intoxicated. Spaulding's girlfriend, Joan Hudson, and her nephew, A.J. Marley, were following behind Spaulding in Hudson's vehicle. Robert Hydell, II, a fireman, was behind Hudson in his vehicle.

While attempting to pass Hudson and Spaulding, Hydell noticed a person riding a bicycle westbound on the road a quarter mile ahead of Spaulding. Hydell moved in between Hudson and Spaulding in anticipation of Spaulding swerving to avoid the cyclist. Soon after, Spaulding struck the cyclist. Hydell, Hudson, and Marley noticed flying debris, and Hydell witnessed the cyclist become airborne. The cyclist, after being thrown twenty to thirty feet in the air, landed on the north side of the road in the grass. All three cars stopped.

Hydell went to check on the cyclist and was unable to find a pulse. Hydell then called 911. From information in the cyclist's wallet, Hydell identified him as Charles Lloyd. Deputies Nathan Herring and Eric Fields arrived at the scene. Herring found Lloyd lying facedown on the north side of the road with no pulse. Lloyd suffered severe head and body trauma. Herring noticed damage to the bicycle. Fields identified the driver of the vehicle that struck Lloyd as Spaulding. Spaulding's vehicle sustained front-end damage, including a shattered windshield with evidence of impact with Lloyd. After verifying that Spaulding's license was suspended, Fields arrested Spaulding.

The State charged Spaulding with driving while suspended resulting in death. At a November 20, 2003 bench trial, Spaulding was found guilty as charged. He now appeals.

### Analysis

Spaulding challenges the sufficiency of the evidence supporting his conviction for driving while suspended resulting in death.

In reviewing a claim of insufficient evidence, we will affirm the conviction unless, considering only the evidence and all reasonable inferences favorable to the judgment, and neither reweighing the evidence nor judging the credibility of the witnesses, we conclude that no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. *Bethel v. State*, 730 N.E.2d 1242, 1243 (Ind.2000). Pursuant to Indiana Code Sections 9–24–19–3 and—4(b), a person who operates a motor vehicle upon a highway when the person knows that the person's driving privilege, license, or permit is suspended or revoked, when the person's suspension or revocation was a result of the person's conviction of an offense, commits a Class C felony if the operation results in the death of another person. Spaulding argues that the State failed to prove beyond a reasonable doubt that his driving conduct was the proximate cause of Lloyd's death.

■ This is a case of first impression regarding the extent to which a causation requirement for driving while suspended resulting in death exists under Indiana law. Indiana case law does require some causal link for a person to be convicted of driving while intoxicated resulting in death. *See* Ind.Code § 9–30–5–5(b). In *Micinski v. State*, our supreme court held that the State need only prove that a defendant was driving while intoxicated and that his act of doing so resulted in serious bodily injury to another person, and need not establish a causal link between the driver's intoxication and the injury. 487 N.E.2d 150, 154 (Ind.1986). Our supreme court found that there was a need to show causation between the act of driving and the resulting injury, but found nothing in the statute to indicate that the legislature intended to require the State to prove a causal link between the driver's

intoxication and the fact that the injury resulted from his driving. *Id.*

■ We conclude that we should analyze the driving while suspended resulting in death statute like the driving while intoxicated resulting in death statute, focusing on the driver's acts. *See id.* Thus, "[i]f the driver's conduct caused the injury, he commits the crime; if someone else's conduct caused the injury, he is not guilty." *Id.* This is because the driving while suspended statute, similar to the driving while intoxicated statute when *Micinski* was decided, only requires the fact that a defendant's driving "results" in the death of another; the statute contains no other language of causation. The State must prove two elements: (1) the defendant operated a motor vehicle upon a highway knowing that his driving privilege, license, or permit is suspended or revoked, and that the suspension or revocation was a result of his conviction of an offense; and (2) the defendant's operation resulted in the death of another person. *See id.* In other words, we think it is clear that the State need not establish any negligent or reckless behavior on the driver's part, but only that the act of driving itself was the cause of a person's death.

Spaulding relies on *Abney v. State*, 766 N.E.2d 1175 (Ind.2002), to support his claim that the State failed to prove his driving conduct was the proximate cause of Lloyd's death. Spaulding claims that even though an accident occurred involving Spaulding's vehicle and a bicycle, there is no proof that his driving conduct caused the accident. Further, Spaulding contends there is no evidence to prove the cause of the accident or the death of Lloyd. In *Abney*, our supreme court held that a conviction for operating while intoxicated causing death requires proof that the defendant's operation of a motor vehicle

while intoxicated was a "substantial cause" of the resulting death, not a mere "contributing" cause. *Id.* at 1176. The court in *Abney* restated the well-settled rule established in *Micinski* that the State must prove the defendant's conduct was a proximate cause of the victim's injury or death. *Id.* at 1178. "Conduct," in the context of *Micinski* and *Abney*, is taken to mean the driver's act of operating the vehicle not any particular way in which the driver operates the vehicle.

Here, it is undisputed that Spaulding, while driving while suspended, struck Lloyd as Lloyd was riding a bicycle. At the scene, Spaulding admitted to Deputy Fields that he was the driver of the vehicle that struck Lloyd, which was supported by evidence on Spaulding's vehicle. Hydell testified that he was able to see Lloyd riding on the road up until the moment of impact with Spaulding's vehicle. There was no evidence that Lloyd swerved into Spaulding's path or that any other vehicle struck Lloyd. Further, the postmortem examination established blunt force trauma of the head as the cause of death. Spaulding also told Deputy Herring that he should not have been driving because his license was suspended, which was later confirmed by checking Spaulding's BMV records. If Spaulding had not been driving on that day, he would not have killed Lloyd. The facts and evidence support the fact-finder's conclusion that Spaulding was the substantial, and only, cause of Lloyd's death. *See Micinski*, 487 N.E.2d at 154 (stating "in the typical case a showing that the driver ran into the victim would suffice."). We conclude that the evidence was sufficient for the fact-finder to determine beyond a reasonable doubt that Spaulding's operation of a motor vehicle while his license was suspended resulted in Lloyd's death.

## Conclusion

The State presented sufficient evidence to convict Spaulding of driving while suspended resulting in death. We affirm.

Affirmed.

NAJAM, J., and SULLIVAN, J., concur.