**Richard V. ALLEN, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 79A02–0512–CR–1184.

Court of Appeals of Indiana.

March 28, 2006.

Transfer Denied June 9, 2006.

Michael B. Troemel, Lafayette, for Appellant.

Steve Carter, Attorney General of Indiana, Matthew D. Fisher, Deputy Attorney General, Indianapolis, for Appellee.

## OPINION

FRIEDLANDER, Judge.

Richard V. Allen appeals his conviction of Leaving the Scene of an Accident,[1] a class C misdemeanor. Allen challenges the sufficiency of the evidence as the sole issue on appeal.

We affirm.

The facts most favorable to the conviction are that on Christmas day, 2003, at approximately 1:22 p.m. in Lafayette, Indiana, Maria Velasquez was stopped at a

red light at the intersection of Teal Road and 4th Street. Maria was southbound on 4th Street. Allen was also headed southbound on 4th Street, driving a white van. He approached Velasquez from behind and struck the rear of her car as she sat waiting for the light to turn green. Allen got out of his van and approached Velasquez. When she told him that they needed to call the police, he returned to his van, got in, and drove away. Maria got back into her vehicle and drove to the police station. There, she spoke with Officer C.A. Cudworth and told him what had occurred. Officer Cudworth examined her vehicle and reported its condition as follows: "I observed the Ford to have scuff marks across the rear bumper that were fresh. There was no paint transfer. The sides of the rear bumper had buckled outward." *Appellant's Appendix* at 9. Velasquez had noted the white van's license plate number, which she gave to Office Cudworth. He ran the number through BMV records and learned that the vehicle was registered to Allen. The officer showed Velasquez a photo of Allen and she confirmed that Allen was the driver of the van that had struck her, although Allen's hair was shorter in the photo.

Police attempted to locate Allen and discovered that the address on his driver's license was that of a homeless shelter. On January 13, a worker at the shelter told Lieutenant Reed, the investigating officer, that Allen did not stay at the shelter, but he had a mailbox there where he picked up his mail. Lt. Reed asked the worker to give Allen a note directing Allen to contact Lt. Reed concerning the accident in which Allen was involved on Christmas day. Lt. Reed returned to the shelter on January 19 and was told the message had been delivered to Allen, but that Allen had indi-

---

1. Ind.Code Ann. § 9–26–1–2 (West, PREM- ISE through 2005 1st Regular Sess.).

cated he was not going to comply. Lt. Reed eventually went to Allen's place of employment and spoke with Allen there. Allen admitted he had been involved in the accident, but claimed the accident was Velasquez's fault and that it did not damage Velasquez's car, "so he just decided to leave." *Transcript* at 14. Allen was arrested and charged with leaving the scene of an accident. He was found guilty of that charge following a bench trial.

Allen challenges his conviction on the ground that the evidence presented by the State was not sufficient to prove the elements of the offense. Specifically, he claims the evidence did not demonstrate that he knew Velasquez's vehicle had sustained damage in the collision.

■ When considering a challenge to the sufficiency of evidence to support a conviction, we do not reweigh the evidence or judge witness credibility. *McHenry v. State*, 820 N.E.2d 124 (Ind.2005). This review "respects 'the jury's exclusive province to weigh conflicting evidence.'" *Id.* at 126 (quoting *Alkhalidi v. State*, 753 N.E.2d 625, 627 (Ind.2001)). Considering only the probative evidence and reasonable inferences supporting the verdict, we must affirm "if the probative evidence and reasonable inferences drawn from the evidence could have allowed a reasonable trier of fact to find the defendant guilty beyond a reasonable doubt." *McHenry v. State*, 820 N.E.2d at 126 (quoting *Tobar v. State*, 740 N.E.2d 109, 111–12 (Ind.2000)).

■ The duties set out in I.C., § 9–26–1–2 arise when a driver is involved in an accident that "does result in damage to a vehicle that is driven or attended by a person." Thus, the elements of the offense include damage to another vehicle and the defendant's knowledge of same. *See Washington v. State*, 565 N.E.2d 382 (Ind.Ct.App.1991).

Allen testified that he stopped after the accident and spoke with Velasquez, who told him there was no damage to the vehicle. Allen notes that Velasquez did not testify. Therefore, according to Allen, his claim that he did not know Velasquez's vehicle was damaged was uncontroverted. This would seem to suggest that the State was required to prove he had actual knowledge that the collision caused damage to Velasquez's vehicle. Yet, he acknowledges in his brief such is not the case. He is correct.

■ We can find no case that discusses whether the State is required to prove the defendant had actual knowledge of property damage in order to obtain a conviction under I.C. § 9–26–1–2. We do, however, find an analogous situation arising in prosecutions under the statute pertaining to the offense of leaving the scene of an accident involving personal injury. In *Micinski v. State*, 487 N.E.2d 150 (Ind.1986), the Supreme Court addressed the question of whether the State must prove the defendant had actual knowledge of an injury in order to obtain a conviction for leaving the scene of an accident under the former Ind.Code Ann. § 9–4–1–40, now codified at I.C. § 9–26–1–1 (West, PREMISE through 2005 1st Regular Sess.). The court concluded such was not necessary, explaining:

> This is not to say that the State must prove actual knowledge of an injury accident in order to obtain a conviction. That would make it virtually impossible to prove up a case of "hit-and-run". Moreover, as Judge Miller said so well in his opinion below: "Such a requirement would reward the callous who refuse to stop and investigate." [*Micinski v. State*, 479 N.E.2d 632, 636 (Ind.Ct. App.1985), *rev'd*, 487 N.E.2d 150]. *The jury may infer that a defendant knew that an accident occurred or that people*

*were injured from an examination of the circumstances of the event. Where conditions were such that the driver should have known that an accident occurred or should have reasonably anticipated that the accident resulted in injury to a person, the requisite proof of knowledge is present.*

*Micinski v. State,* 487 N.E.2d 150, 153 (Ind.1986)(emphasis supplied). We conclude the principle described in *Micinski* with respect to injury also applies with respect to damage to vehicles. That is, the State was not required to prove Allen had actual knowledge that Velasquez's car was damaged. Rather, this element of the offense could be proved along the lines set out in the highlighted portion of the above excerpt from *Micinski.*

 Allen admitted that he collided with the rear of Velasquez's vehicle. The evidence favorable to the conviction demonstrated that Velasquez wrote down his license number and immediately drove to a police station to report the collision. When she arrived, Officer Cudworth examined her vehicle and observed fresh scuffmarks across the rear bumper, the sides of which had buckled. This version of events is inconsistent with Allen's claim that Velasquez told him there was no damage to her vehicle. If such were the case, she would not have recorded his plate number and driven immediately to the police station to report the accident. This was circumstantial evidence that in Velasquez's opinion, something was not right. Moreover, Allen admitted getting out of his vehicle and inspecting his own vehicle. To do so, he would have been very near the rear of Velasquez's vehicle, and certainly close enough to have seen the damage that was quite obvious to Officer Cudworth just a few minutes later. Viewed in its entirety, the circumstantial evidence permits a reasonable inference that Allen knew there

was damage to Velasquez's vehicle when he drove away after the accident. *See Micinski v. State,* 487 N.E.2d 150.

Finally, we observe that our holding is not inconsistent with *State v. Gradison,* 758 N.E.2d 1008 (Ind.Ct.App.2001), the case Allen cites in support of his claim that the State did not prove its case. Allen correctly summarized two relevant aspects of the *Gradison* ruling, i.e., that the State is not required to prove actual knowledge and that "the correct standard of review was whether or not the driver should have known that an injury [in this case, damage] occurred." *Appellant's Brief* at 7. We reiterate that the evidence favorable to the conviction was sufficient to prove Allen should have known Velasquez's vehicle was damaged by the collision with his vehicle.

Judgment affirmed.

CRONE, J., and MAY, J., concur.