BOSWELL *v.* STATE OF INDIANA.

[No. 1267S152. Filed July 1, 1968.]

*Wilmer L. McLaughlin,* of Goshen, and *Lee F. Mellinger,* of Elkhart, for appellant.

*John J. Dillon,* Attorney General, and *Murray West,* Deputy Attorney General, for appellee.

LEWIS, C. J.—On May 28, 1965, at approximately 8:00 P.M., the decedent was driving a van truck west on a two-lane highway. A witness, one Mr. Rose, was following the van truck in his car, driving at about 40 miles an hour. While the witness was following the decedent he noticed a black car, being driven by appellant, "coming up awful fast" behind him. The black automobile then came around the witness' car and pulled in between the witness and the decedent's vehicles. The witness stated that the appellant ". . . kind of made it short . . ." causing him to "fade back" in order to give him some room.

Following this, the black car started out once again—this time to pass the van truck which was driven by the decedent. The witness stated that the black car cut in front of the decedent and "cut him short". The stop lights of the van truck came on, "the back wheel of the truck came up", and the appellant's car headed across the road. An oncoming car was approaching the vehicles in question. The black car had been hit in the rear by the front of the van truck. The decedent was pinned behind the steering wheel of the truck and had to be removed through the rear doors; he died thereafter as a result of abdominal injuries received in the crash.

A State Trooper who arrived shortly after the crash to investigate the collision testified that, in his opinion, the appellant was intoxicated. The appellant's eyes were bloodshot, the odor of alcoholic beverages was prevalent, and his speech was slurred. Another witness testified that there were beer cans on the floor of the black automobile.

During the trial, the same State Trooper testified that based upon the relative positions of the automobiles, the damages thereto, and the skid marks on the pavement, that in his opinion, the appellant had attempted to pass the decedent and had cut in on him too soon thereby causing the contact between the two vehicles.

At the scene of the crash, the trooper arrested the appellant

for driving a motor vehicle on a public road while under the influence of intoxicating liquor. However, the appellant was later charged by affidavit for the crimes of Involuntary Manslaughter and Reckless Homicide. After a trial by jury, the appellant was found guilty of Reckless Homicide pursuant to Burns' Indiana Statutes, Anno., (1967 Cum. Pkt. Sup.), § 47-2001(a). It is from this conviction that appellant seeks relief in this Court.

On appeal, the appellant raises the insufficiency of the evidence to support the verdict. More specifically, he contends that the State is bound to prove beyond a reasonable doubt every element of the crime charged, and that there is no proof that the appellant's driving caused the collision. Witness Rose, on cross examination, testified that the black automobile was completely in front of the van truck for a period of five (5) to ten (10) seconds before the van truck's stop lights went on. Therefore, it is clear that appellant had completed his passing and the collision occurred on the right hand side of the pavement.

Appellant is correct in his statement that the State must prove that the appellant's driving caused the collision resulting in death.

"Assuming that appellant did drive in an unlawful manner the State must prove that such was the direct and proximate cause of the death. *Dunville* v. *State* (1919), 188 Ind. 373, 123 N. E. 689; *Howell* v. *State* (1928), 200 Ind. 345, 163 N. E. 492. . . ." *Carter* v. *State* (1968), 250 Ind. 50, 234 N. E. 2d 850.

The evidence clearly indicates that the decedent was traveling about 40 miles an hour along the highway. There was no one in front of him. The appellant passed the decedent, and two (2) witnesses stated that the car being driven by the appellant cut the decedent short and came in too soon. A crash ensued immediately. There can be no doubt that the appellant's acts caused the death of the decedent. However, the appellant's assigned error also causes us to

consider whether or not the acts of the appellant amounted to a reckless act as well. Mere negligence of the appellant is not enough to sustain a conviction of reckless homicide. *Beeman* v. *State* (1953), 232 Ind. 683, 115 N. E. 2d 919.

The State makes much of the fact that the appellant was intoxicated while driving his vehicle. It is its contention that driving an automobile while intoxicated is a reckless act in itself, regardless of the manner in which the vehicle is handled. In the case at bar it is unnecessary for us to pursue this doubtful doctrine. The appellant was charged with reckless homicide, and unless he was driving his car in such a manner, he is not guilty of the crime *as charged.*

Count Two of the Affidavit upon which the jury returned the verdict appealed from reads as follows:

"The undersigned Affiant swears that on or about the 28th day of May, 1965, at the County of Elkhart in the State of Indiana, at approximately 8:50 P.M., Eastern Standard Time, one Ralph Boswell did then and there, unlawfully and feloniously drive a Model 1961 Chevrolet automobile, bearing Indiana Iicense number 20 D 9345, in a manner which was not safe and prudent, in that the said Ralph Boswell drove the said motor vehicle in excess of the fifty (50) miles per hour speed limit, after sundown, at a speed greater than what was reasonable and prudent under the conditions, and having regard to the actual and potential hazards then and there existing, and did so drive his said motor vehicle while under the influence of intoxicating liquor on County Road Number 20, in a westerly direction, approximately .2 miles west of County Road Number 3, south and west of the corporate limits of the City of Elkhart, Indiana, said highway being a paved highway of asphalt and macadam construction, and being approximately 22 feet in width, and running in an easterly and westerly direction.

That, at said time and place, the said Ralph Boswell, operating his said motor vehicle in a westerly direction on said County Road No. 20, did unlawfully attempt to pass and overtake a 1965 Dodge panel truck being then and there driven by one James C. Wheeler in the right lane, which said 1965 Dodge panel truck was also traveling in a west-

erly direction, when said highway was not free of oncoming traffic traveling in an easterly direction.

That the said Ralph Boswell, in attempting to return to the righthand lane of traffic, did so in a reckless, wanton and abrupt manner, causing the said 1965 Dodge panel truck to strike the rear of the said 1961 Chevrolet automobile being then and there driven by the said Ralph Boswell with great force and violence, and the said Ralph Boswell was then and there under the influence of intoxicating liquor; which conduct on the part of the said Ralph Boswell was with reckless disregard for the safety of others, and did thereby inflict mortal wounds and injuries upon the person of the said James C. Wheeler, of which mortal wounds and injuries the said James C. Wheeler died, in the County of Elkhart, State of Indiana, on the 28th day of May, 1965; contrary to the form of the Statute in such cases made and provided, and against the peace and dignity of the State of Indiana."

The statute under which this affidavit is based, Burns', § 47-2001 (a), *supra,* reads as follows:

"Reckless Homicide. Any person who drives a vehicle with reckless disregard for the safety of others and thereby causes the death of another person shall be guilty of the offense of reckless homicide. Any person convicted of reckless homicide shall be punished by a fine of not less than one hundred dollars [$100] or more than one thousand dollars [$1,000], or by imprisonment in the state farm for a determinate period of not less than sixty [60] days and not more than six [6] months, or by both such fine of not more than one thousand dollars [$1,000] and imprisonment in the state prison for an indeterminate period of not less than one [1] year or more than five [5] years."

From reading this statute, it is clear that the appellant must have committed some act with reckless disregard for the safety of others and thereby caused the death of another person. This reckless disregard has been defined in *Beeman* v. *State, supra,* as follows:

"In *Armstrong* v. *Binzer* (1936), 102 Ind. App. 497, 199 N. E. 863, the Appellate Court, considering the meaning of the words 'reckless disregard for the rights of others' as

written into a statute relating to civil liability growing out of the operation of an automobile, said:

" 'Reckless disregard of the rights of others, as used in the Indiana Guest Statute, means where the owner or operator of an automobile voluntarily does an improper or wrongful act, or with knowledge of existing conditions, voluntarily refrains from doing a proper and prudent act, under circumstances when (where) his action, or his failure to act, evinces an entire abandonment of any care, and a needless indifference to results which may follow, and he recklessly takes the chance of an accident happening without intent that an accident may occur.' "

The evidence discloses that the appellant drove his car in and out of traffic while passing two (2) cars on a double-lane highway. On two (2) occasions the appellant cut in too soon on the car he had just passed. On the second occasion, this act precipitated a collision resulting in one man being killed. We must conclude that there was sufficient evidence from which a jury might return a verdict of guilty of reckless homicide. On appeal from a criminal conviction, where the sufficiency of the evidence is challenged, the Court cannot weigh the evidence, but will only consider the evidence most favorable to the State, and the reasonable inferences that may be drawn therefrom, to determine whether the jury was warranted in returning a verdict of guilty. *Gilmore* v. *State* (1951), 229 Ind. 359, 98 N. E. 2d 677; *Flowers* v. *State* (1956), 236 Ind. 151, 139 N. E. 2d 185.

Judgment is affirmed.

Arterburn, Hunter and Jackson, JJ., concur; Mote, J., not participating.

NOTE.—Reported in 238 N. E. 2d 283.