George **STEPHENSON, IV**
**Appellant–Defendant**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 64A03–9406–CR–218.

Court of Appeals of Indiana,
Third District.

March 29, 1995.

Rehearing Denied Aug. 4, 1995.

Jeffrey A. Golding, Chesterton, for appellant.

---

Pamela Carter, Atty. Gen., Preston W. Black, Deputy Atty. Gen., Indianapolis, for appellee.

## OPINION

GARRARD, Judge.

After a jury trial, Stephenson was sentenced upon two counts of operating a motor vehicle with a blood alcohol content of .10% or above resulting in death. The acts occurred in 1992 and Stephenson was prosecuted under the pre–1994 version of IC 9–30–5– 5. The errors assigned on appeal concern the court's refusal to give four final instructions requested by Stephenson which would have required the state to prove a form of causation beyond a reasonable doubt.

We find that the court did not err in refusing the instructions, but that under the old statute the court was precluded from imposing convictions for two separate offenses since both deaths resulted from a single collision.

■ Stephenson's tendered instructions 2 and 6 defined proximate cause and would have told the jury that to convict it would have to find beyond a reasonable doubt that Stephenson's actions were the proximate cause of the accident. As set forth in *Micinski v. State* (1986), Ind., 487 N.E.2d 150, the statute did not require proximate cause, and these instructions were properly rejected.

Stephenson's tendered instructions 4 and 5 in pertinent part would have told the jury that to convict the state was required to prove beyond a reasonable doubt that the defendant was operating a motor vehicle with a BAC of .10% or more and that his act in doing so "caused the motor vehicle accident which resulted in the death of another person." Stephenson argues that these instructions were proper under *dicta* in *Micinski* concerning the necessity of causation under the statute. We disagree.

The statute in question provided, "A person who violates section 1 or 2 [operating with at least .10% BAC] commits a Class C felony if the crime results in the death of another person." In *Micinski* the court expressly rejected a "but-for" analysis as the proper interpretation of the statute. The court went on in dicta, however, to acknowledge that there should be some causative relation between the section 1 offense and the resulting injury. Summarizing the role of causation, it said, "The state need prove: (1) That the defendant was driving while intoxicated, and (2) That his act of doing so resulted in serious bodily injury to another person." 487 N.E.2d at 154.

This court followed *Micinski* in *Rippy v. State* (1986), Ind.App., 493 N.E.2d 477 (trf. den.) as applying to all the variations within IC 9–30–5–5 and reiterated the above-quoted standard from *Micinski*.

■ In Stephenson's case the court gave to the jury final instructions which parroted the dictates of *Micinski* and *Rippy*. We find those instructions were proper and adequate to convey the necessary causation. Furthermore, we find the instructions tendered by Stephenson would have been confusing and misleading to the jury. The causation element recognized by *Micinski* refers to something akin to a contributing cause. That would closely parallel the causation inherent in the statutory phrase "if the crime *results* in ... " The requirement in Stephenson's tendered instructions that the jury must find that his violation "caused the motor vehicle accident ... " clearly implies too much, and would likely lead the jury to erroneously conclude that the state had to establish that Stevenson's action was *the* cause, rather than merely a contributing cause of the deaths that resulted. There was no error in refusing the tendered instructions. The instructions given by the court adequately covered the subject matter.

■ On the other hand, we necessarily note *sua sponte* that the court erred in imposing separate convictions and sentences for the deaths of both the driver and the passenger in the other vehicle. The dispositive case is *Kelly v. State* (1988), Ind.App., 527 N.E.2d 1148, *affirmed*, (1989) Ind., 539 N.E.2d 25. In it our supreme court summarily affirmed, holding that under the statute applicable here that where multiple egregious results are produced in a single accident by an intoxicated driver, such results do not increase the

number of crimes, [but] only the severity of the penalty. 539 N.E.2d at 26. The rationale lay in the old scheme which defined the offenses as driving while intoxicated and driving with a BAC of at least .10%, and used resulting injury or death merely to aggravate the severity of the offense.

Accordingly, we remand to the trial court with instructions to vacate one of the convictions and the sentence imposed thereon. In all other respects, the trial court is affirmed.[1]

STATON and HOFFMAN, JJ., concur.

---

1. Appellant may assume that we have access to Indiana caselaw. Thus, there is no need to include copies of all cited authority, totaling 79 pages, with appellant's brief.