Mary Sue **BUNTING, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 29A05–9910–CR–462.**

Court of Appeals of Indiana.

June 29, 2000.

Transfer Denied Sept. 7, 2000.

Alfred E. McClure, Heather McClure O'Farrell, Thomas B. O'Farrell, McClure & O'Farrell, Westfield, Indiana, Attorneys for Appellant.

Karen M. Freeman–Wilson, Attorney General of Indiana, Priscilla J. Fossum, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

NAJAM, Judge

### STATEMENT OF THE CASE

Mary Sue Bunting and Brandon Cauldwell were involved in an automobile collision in which Cauldwell was seriously injured. A jury found Bunting guilty of operating a vehicle with a breath alcohol content ("BAC") of more than 0.10 percent, operating while intoxicated ("OWI") and OWI causing serious bodily injury. The trial court "merged" the three offenses and entered judgment of conviction for OWI causing serious bodily injury. In this appeal from that conviction, Bunting

raises three issues, one of which is dispositive: whether there is substantial evidence of probative value that Bunting caused Cauldwell's injuries.

We reverse and remand with instructions.

## FACTS

On June 3, 1998, Bunting drank a number of beers on a flight from Tennessee to Cincinnati and during a subsequent stopover at the Cincinnati airport. Upon her arrival in Indianapolis, Bunting drove her late model Ford Aerostar minivan from the airport toward her home in Carmel, traveling northbound on Interstate 465 to U.S. Highway 31, a four-lane divided highway. Meanwhile, Cauldwell left work at around 11 p.m. and proceeded westbound on 111th Street in his Honda Prelude. Co-worker Kathy Dawson followed Cauldwell in her vehicle.

Cauldwell pulled up to the stop sign at the corner of 111th Street and U.S. Highway 31. Dawson stopped immediately behind him. Dawson looked to the south to check for traffic and saw none. She observed Cauldwell proceed into the intersection and then "[s]uddenly" saw lights and heard a "big bang." Bunting had broadsided Cauldwell's car, propelling it across the median into a ditch on the west side of the highway.

Carmel Police Officer Joseph Bickel arrived on the accident scene at 11:25 p.m. When Bickel spoke to Bunting, he immediately detected the smell of alcohol on her breath. Bunting told the officer that the other driver involved in the collision had left the scene. Rescue workers eventually extracted Cauldwell from his car and transported him by helicopter to the hospital, where he remained for five weeks with a severe head injury and fractures of his

clavicle, scapula, and tibia. Cauldwell has no memory of the collision or the events immediately preceding it.

After Cauldwell was removed from the scene, Officer Bickel turned his attention to Bunting. He again noticed the odor of alcohol on her breath. Bunting's speech was slurred, and her eyes were "bloodshot." The police found two empty beer cans in Bunting's car. Bickel asked Bunting if she had been drinking, and Bunting told him she had consumed one beer inside her minivan. Bickel performed three field sobriety tests, which Bunting failed. Her BAC was measured at .14 percent at 2:10 a.m.

Bunting was charged and convicted of operating with a BAC of greater than 0.10 percent, a Class C misdemeanor, OWI, a Class A misdemeanor, and OWI causing serious bodily injury, a Class D felony. The trial court entered conviction for OWI causing serious bodily injury and imposed the maximum three-year sentence,[1] with 180 days executed and the remainder suspended to probation. This appeal followed.[2]

## DISCUSSION AND DECISION

Bunting contends that the State failed to present sufficient evidence to sustain her conviction of OWI causing serious bodily injury. In resolving the question, we neither reweigh the evidence nor assess the credibility of the witnesses. *Thornton v. State*, 712 N.E.2d 960, 961 (Ind.1999). Where the evidence is in conflict, we are bound to view only that evidence which is most favorable to the verdict and all reasonable inferences therefrom. *Holmes v. State*, 583 N.E.2d 180, 182 (Ind.Ct.App.1991), *trans. denied.* We will affirm a conviction if there is probative evidence from which a reason-

---

1. The presumptive sentence for a Class D felony is one and one-half years, with no more than one and one-half years added for aggravating circumstances and no more than one year subtracted for mitigating circumstances. IND.CODE § 35–50–2–7.

2. We heard oral argument on May 19, 1999 at the Rush County Courthouse.

able jury could have found the defendant guilty beyond a reasonable doubt. *Brown v. State,* 720 N.E.2d 1157, 1158 (Ind.1999). We will reverse a conviction, however, if the record does not reveal substantial evidence of probative value and there is a reasonable doubt in the minds of reasonably prudent persons. *Clark v. State,* 695 N.E.2d 999, 1002 (Ind. Ct.App.1998), *trans. denied.*

 Under Indiana Code Section 9–30–5–4(a), the State was required to prove (1) that Bunting operated a motor vehicle with at least ten-hundredths percent (0.10%) of alcohol by weight in grams in two hundred ten (210) liters of the person's breath or while intoxicated, and (2) that her act of doing so resulted in serious bodily injury to another person. *See Micinski v. State,* 487 N.E.2d 150, 154 (Ind.1986) (discussing predecessor statute). Bunting concedes that the State proved that she had the required breath alcohol content and that Cauldwell suffered serious bodily injury. She insists, however, that the State did not prove beyond a reasonable doubt that her conduct caused his injuries.

 The State bears the burden of proving causation, but it need not establish a causal link between a defendant's alcohol consumption and the fact that serious bodily injury resulted from her driving. *Id.* The relevant analysis focuses on the driver's acts rather than on speculation about whether she could have stopped if she had been sober. *Id.* Thus, if the driver's conduct caused the injury, she commits the crime; if someone else's conduct caused the injury, she is not guilty. *Id.; see Gokey v. State,* 510 N.E.2d 703 (Ind.Ct. App.1987) (affirming conviction where defendant spun on road, crossed center line and struck approaching car); *Rippy v. State,* 493 N.E.2d 477 (Ind.Ct.App.1986) (affirming conviction where evidence showed defendant was speeding), *trans. denied.*

Here, it is uncontested that Bunting had the right-of-way and that Cauldwell pulled in front of her on U.S. Highway 31. Nevertheless, the State argues that it proved beyond a reasonable doubt that Bunting caused Cauldwell's injuries. Specifically, the State maintains that Bunting was driving without her lights until moments before the accident. The State relies solely upon Dawson's testimony that she did not see Bunting's lights from her vehicle positioned behind Cauldwell's Honda.

Dawson explained when she first saw Bunting's lights in the following colloquy:

State: What do you remember next once [Cauldwell] started proceeding into the intersection of 111th and U.S. 31?

Dawson: Suddenly I saw some lights and heard this big bang and this car hit him.

State: When you say "suddenly" you saw lights, where did you see the lights?

Dawson: From the south, which I had not seen before. It was like, there they were.

State: Did you see them out of the corner of your eye or were you looking directly at them?

Dawson: It just all came into my peripheral vision just like that. It was like whoa, there it is.

Record at 466–67. Based upon Dawson's testimony, the State argued at trial that the accident occurred because Bunting's minivan was "invisible." But the evidence does not support the State's theory. Dawson's testimony proves only that from her position behind Cauldwell's vehicle she did not see Bunting's lights, not that Bunting's lights were not working.

Bunting testified that the lights on her minivan activate automatically when she starts the ignition. The accident reconstructionist testifying for the State did not rebut or contradict Bunting's testimony, nor did he maintain that the automatic ambient light-sensing system was inactivated or malfunctioning at the time of the incident. To the contrary, all evidence

supports the conclusion that the system and lights were working properly.

■ In performing our duty as an appellate tribunal, we are aware that causation is typically a question for the trier of fact. *Rippy,* 493 N.E.2d at 480. We are also cognizant that our standard of review requires us to view the evidence in a light most favorable to the State. *See Holmes,* 583 N.E.2d at 182. But, as our supreme court explained some time ago:

> [I]f as a result of our probing and sifting the evidence most favorable to the state, we determine that the residue of facts is so devoid of evidence of probative value and reasonable inferences adduceable therefrom, as to preclude guilt beyond a reasonable doubt, we should so declare. A failure to do so is a rejection of our duty as an appellate tribunal and tantamount to the enunciation of a rule that any evidence no matter how infinitesimal or inferences drawn therefrom, whether based on speculation or conjecture, would be sufficient to establish guilt beyond a reasonable doubt. This we are not inclined to do for to assume such a judicial posture, neglecting our appellate responsibility, would reduce the appellate process to an exercise in impotent and meaningless futility.

*Liston v. State,* 252 Ind. 502, 511–12, 250 N.E.2d 739, 743–44 (1969).

■ Bunting's conviction rests only on the State's theory that, because Dawson did not see Bunting's lights in her peripheral vision until just prior to the accident, they were inoperable until Bunting turned them on just moments before impact. This amounts to speculation. But the mere suspicion or possibility of guilt is not sufficient to sustain a conviction. *Floyd v. State,* 399 N.E.2d 449, 451 (Ind.Ct.App. 1980). The Due Process Clause of the Fourteenth Amendment requires that a defendant be convicted by proof of guilt beyond a reasonable doubt. *In re Winship,* 397 U.S. 358, 364, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). While we seldom reverse for insufficient evidence, in every case where that issue is raised on appeal we have an affirmative duty to make certain that the proof at trial was, in fact, sufficient to support the verdict beyond a reasonable doubt. That doubt may arise from the evidence, the lack of evidence, or a conflict in the evidence. *Brown v. State,* 266 Ind. 82, 91, 360 N.E.2d 830, 836 (1977). On this record, we must conclude as a matter of law that there is insufficient evidence of probative value to establish that Bunting's lights were not operating until just before the accident.

Because the State's proof of causation was based entirely on speculation that Bunting's lights were off until just prior to impact, the State did not prove causation beyond a reasonable doubt. We therefore reverse Bunting's conviction for OWI causing serious bodily injury. On remand, the court is instructed to vacate its judgment of conviction and sentence for that offense.

■ The jury also found Bunting guilty of operating with a BAC of over 0.10 percent, a Class C misdemeanor, and of OWI, a Class A misdemeanor. Bunting does not challenge those convictions. Operating with a BAC of over 0.10 percent is a lesser-included offense of OWI. *See Sering v. State,* 488 N.E.2d 369, 376 (Ind.Ct. App.1986). The State can charge a defendant with both the greater and the lesser-included offense, but convictions for both offenses cannot stand. *Hornback v. State,* 693 N.E.2d 81, 85 (Ind.Ct.App.1998). Thus, we remand with instructions to enter judgment of conviction for OWI and to impose an appropriate sentence for that conviction.

Reversed and remanded with instructions.

BAKER, J., and BAILEY, J., concur.