Lanny ABNEY, Appellant–Defendant,

v.

STATE of Indiana, Appellee.

No. 49A02–0103–CR–160.

Court of Appeals of Indiana.

Nov. 14, 2001.

John (Jack) F. Crawford, Crawford & Rader, Indianapolis, Indiana, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Grant H. Carlton, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

SULLIVAN, Judge.

Following a jury trial, Appellant, Lanny Abney, was convicted of Operating a Vehicle While Intoxicated Causing Death, a Class C felony, and Operating a Vehicle with .10% or More Alcohol in Blood Causing Death, a Class C felony.[1] He presents three issues upon appeal; however, we find one to be dispositive and restate as: whether a jury instruction that "contributing cause" is the appropriate level of causation required for conviction is a correct statement of the law.

We reverse and remand.

The record reveals that at 2:56 a.m. on July 9, 1999, the Marion County's Sheriff's Department received a call reporting an accident and that a body was found in the center turn lane of the 7000 block of Rockville Road. Several individuals stopped at the scene and a nurse checked the body for a pulse. The body was later identified as Jon Heffernan. Heffernan worked at the Target warehouse on the west side of Indianapolis. On the evening of the accident, he had left work on his bicycle and headed toward his home after ending his shift at 2:00 a.m.

In the early hours of that same day, Lanny Abney was on his way home after having several drinks and dinner with a

---

**1.** Both offenses are listed in Ind.Code § 9–30–5–5 (Burns Code Ed. Repl.1997) (amended 2001).

friend. While driving on West Rockville Road, "something slammed into the hood of [his] car." Record at 618. Abney was not sure what he had hit, but did not stop to check to see what it was; rather, he kept driving west toward Danville. Abney had to drive with his head out of the side window because the windshield on his car was broken but still intact, and the hood and top were caved in. The airbag in his car had also been deployed.

Danville Police Officer James Anderson spotted Abney driving on Main Street in Danville. Because of the appearance of the car, Officer Anderson believed that Abney was likely involved in a hit and run accident. He pursued Abney for approximately one mile before Abney pulled into a driveway and stopped. After Abney exited his vehicle, Officer Anderson placed him in handcuffs and then inspected the vehicle. After initial questioning, Abney admitted to being involved in an accident but stated that he did not know what he hit.

DNA samples taken from Abney's car revealed that Abney's car had struck Heffernan. At trial, Abney did not dispute that he was driving while intoxicated, that he left the scene of the accident, or that Heffernan's body struck his vehicle.

### Jury Instruction

▇▇▇ Abney contends that the trial court erred in giving a jury instruction

that stated that the level of causation required to convict Abney of Operating a Vehicle While Intoxicated Causing Death and Operating a Vehicle with .10% or More Alcohol in Blood Causing Death was that Abney's driving be a "contributing cause." [2] The purpose of jury instructions is to inform the jury of the applicable law. *Clark v. State,* 732 N.E.2d 1225, 1230 (Ind. Ct.App.2000). The trial court has discretion in deciding to give or refuse a tendered jury instruction and we review only for an abuse of that discretion. *Duren v. State,* 720 N.E.2d 1198, 1204 (Ind.Ct.App. 1999), *trans. denied.* If the instructions as a whole misstate the law or otherwise mislead the jury, they are erroneous. *Clark,* 732 N.E.2d at 1230. To be entitled to reversal, the appellant must show that he was prejudiced by the erroneous jury instruction. *Duren,* 720 N.E.2d at 1204.

Abney contends that the law requires the level of causation to be proved by the State must be more than a mere "contributing cause." Appellant's Br. at 8. Instead, Abney's view is that the State must prove that his driving was a "substantial," "proximate," or "legal" cause of the death. *Id.* At trial, Abney tendered an instruction to the court regarding the element of causation which was modified by the trial court before being given.[3] The instruction

---

2. Final instruction 10D stated:

"To prove the offense of Operating while Intoxicated Causing Death as charged in Counts 1 and 2 of the Information, the State must prove beyond a reasonable doubt the element of 'causation'.

In determining whether the Defendant caused the death of the victim, you should focus upon the driving conduct of the defendant and not speculation on whether the Defendant could have avoided the accident had he been sober.

If you find that the Defendant's driving conduct was a *contributing cause* to the accident that produced the death of the

victim, the State has proven the element of 'causation.' " (emphasis supplied).
Record at 94.

3. The jury instruction from Abney which was given read in pertinent part:

"To prove the offense of Operating While Intoxicated Causing Death as charged in Counts 1 and 2 of the Information, the State must prove beyond a reasonable doubt the element of "causation".

* * *

If you find that the Defendant's conduct caused the accident that produced the death of the victim, the State has proven the element of "causation".

included language from both *Micinski v. State*, 487 N.E.2d 150 (Ind.1986) and *Bunting v. State*, 731 N.E.2d 31 (Ind.Ct.App. 2000), *trans. denied*. These cases comprise the leading authority in Indiana on the level of causation required when an individual is charged with driving under the influence and being involved in an accident which leads to death.

At the time of Abney's conviction, I.C. § 9–30–5–5(a) read:

"A person who causes the death of another person when operating a motor vehicle:

(1) with at least ten-hundredths percent (0.10%) by weight of alcohol in the person's blood;

\* \* \*

or (3) while intoxicated; commits a Class C felony."

The predecessor to this now amended version of the statute, which was first interpreted by our Supreme Court in *Micinski*[4] read, "A person who operates a vehicle while intoxicated commits a class A misdemeanor. However, the offense is a class C felony if it results in the death of another person...."[5] Ind.Code § 9–4–1–54 (Burns Code Ed. Supp.1982). Relying upon this language, our Supreme Court enunciated the principle that some form of causation for the accident was required on

the part of the intoxicated driver. The Court stated, "[t]here is, of course, a need to show causation; in the typical case a showing that the driver ran into the victim would suffice." *Micinski*, 487 N.E.2d at 154. The Court elaborated on this concept in the following example, "[t]his is not to say that a drunk driver who hits a child who has run out from between two parked cars is not entitled to ask a jury to find him not guilty because there is a reasonable doubt whether he caused the collision." *Id.* The Court then summed up the meaning of the statute by saying, "[i]f the driver's conduct caused the injury, he commits the crime; if someone else's conduct caused the injury, he is not guilty." *Id.*

■ It is clear from this language that the Court was requiring causation, but not just merely a "contributing cause." Contributing cause is defined as a "generic term used to describe any factor which contributes to a result, though its causal nexus may not be immediate." Black's Law Dictionary 297 (5th ed.1979). If a mere contributing cause were the appropriate level to be used, the intoxicated driver who struck a child who darted from between two parked cars would always be guilty because that person's driving contributed to the resulting death. This result was not intended by our Supreme Court in *Micinski* nor by our legislature.[6]

However, if you find that someone else's conduct caused the accident, you should find the Defendant not guilty of Operating While Intoxicated Causing Death."
Record at 83.

4. We recognize that our Supreme Court in *Micinski* was interpreting the language in the statute that related to an accident involving "bodily injury" and not "death." However, the analysis that the Court used in *Micinski* would also apply in the event that an accident led to death.

5. When the statute was amended, the language of the statute was changed from "results in the death" to "causes the death." Without regard to whether the change was made to allow for conviction for multiple victims or to show a change in the causation required, both terms deal with a level of causation that requires more than a contributing cause.

6. We recognize that a separate panel of this court in *Stephenson v. State*, 648 N.E.2d 395 (Ind.Ct.App.1995), *trans. denied*, held that the causation level required by the Court in *Mi-*

Instead of a contributing cause being the level of causation required, we hold that a substantial cause is required as was implicit in *Micinski* and in the current version of the statute, and the jury instructions should so advise. Support for this proposition comes not only from our Supreme Court, but also from this court. *See Bunting*, 731 N.E.2d at 35 (evidence was insufficient to prove beyond a reasonable doubt that intoxicated driver was a cause of an accident when the State speculated that the lights on the intoxicated driver's vehicle were not working because a witness did not see headlights until right before the collision). Further guidance is provided from a review of treatises dealing with causation. *See* Wayne R. LaFave & Austin W. Scott, Jr., Substantive Criminal Law § 3.12 (1986) (stating that the test for causation-in-fact should be worded in terms of whether the defendant's conduct was a *"substantial factor"* in bringing about the result) (emphasis supplied).

Based upon the above analysis, we conclude that the jury instruction given by the trial court was erroneous. Contributing cause is not the appropriate level of causation to be proved by the State. Instead, the jury instructions should reflect that if the conduct of the defendant was a substantial cause of the accident and the resulting death, the State has proven the element of causation.

■ Even though we have concluded that the jury instruction was erroneous, we only will reverse the judgment if Abney had demonstrated that he was prejudiced by the instruction. Abney points us to several factors.[7] During jury deliberations, the jury sent a note to the judge stating that there was some disagreement as to whether Abney had caused the death of Heffernan.[8] This first note was sent after several hours of deliberation and tends to show that causation was an area of confusion for the jury. A second note from the jury asked for a dictionary and was sent to the judge at the same time as

---

*cinski* was a contributing cause. However, we do not agree with that panel that only a contributing cause was required and we decline to follow that decision. It appears that the court's decision was made in light of the tendered instruction which seemed to require that the conduct of the intoxicated driver be *the cause* of the accident. We do agree with the *Stephenson* court that the State is not required to prove that the intoxicated driver's conduct was *the sole cause* of the accident.

7. All of the factors referred to by Abney must be analyzed in the context of the State's focus on contributing cause. In the State's rebuttal to Defendant's closing argument, Deputy Prosecutor Dickerson pointed out to the jury the following:

"And another thing that you weren't to think about in Mr. Crawford's final argument when he was talking about the Judge's Instruction, he left out kind of an important word. The word is 'contributing.' In that Instruction that he read to you, you didn't hear this earlier so I'm going to read it to you now. You're going

to hear it again tomorrow. If you find that the Defendant's driving conduct was a contributing cause to the accident that produced the death of the victim, the State has proven the element of causation. Doesn't have to be the only cause. So, I guess, in the long run, it doesn't matter about this phantom. . . . We've proven who caused the damage that you see to the bike. We've proven who caused the damage and the death of Jon Heffernan."
Record at 697–698.

8. The note stated:

"On Counts 1 and 2, if we do not have a full agreement of all jurors that Lanny Abney caused the death of Jon Heffernan, then do we find that he is guilty of operating a vehicle while intoxicated and operating a vehicle with at least .10% or more alcohol in blood? We have jurors who are not convinced that the [S]tate has proven their case, and are unlikely to change their positions."
Record at 107D.

the previous note. Taken together, these present at least the likelihood that the jury was misled by the erroneous instruction. It is also important to note that causation is a material element of the crime for which Abney was charged. Because the jury was given an incorrect level of causation on which it could base the conviction, and the jury appears to have been confused and misled by the erroneous instruction, Abney was prejudiced by the instruction. *See Doss v. State*, 470 N.E.2d 732 (Ind.Ct.App.1984) (holding that the appellant was prejudiced by an erroneous jury instruction which gave a materially incorrect definition of an element of a crime charged).

The judgment is reversed and the cause is remanded for a new trial.

MATTINGLY–MAY, J., and BARNES, J., concur.