**Lanny ABNEY, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 49S02–0204–CR–255.

Supreme Court of Indiana.

April 26, 2002.

John (Jack) F. Crawford, Indianapolis, Indiana, for appellant.

Steve Carter, Attorney General of Indiana, Grant H. Carlton, Deputy Attorney General, Indianapolis, Indiana, for appellee.

**ON PETITION FOR TRANSFER**

BOEHM, Justice.

After his car struck a bicyclist, Lanny Abney was convicted of several crimes,

including operating a vehicle with .10% or more blood alcohol content causing death. The trial court instructed the jury that if the State proved that Abney's "driving conduct was a contributing cause" of the accident the requisite causation would be established. Although an earlier Court of Appeals decision had approved that standard of causation, we agree with the Court of Appeals in this case that the statute requires that the defendant's driving be proven to be a proximate cause of the accident, not merely a contributing cause. We grant transfer, reverse the convictions, and remand for a new trial.

At about 2:30 a.m. on July 9, 1999, Abney headed home from an Indianapolis tavern. As he drove west on Rockville Road toward Danville, his car struck the body of Jon Heffernan, who was bicycling home from work. Abney drove on despite a shattered windshield, a caved-in roof, and a deployed airbag. Danville police spotted Abney navigating with his head out the driver's side window and, after a brief pursuit, pulled him over into a residential driveway. Abney appeared intoxicated and admitted having hit something with his car, but claimed not to know what it was. Abney later submitted to a blood test that revealed a .21% blood alcohol content. Meanwhile, Heffernan was pronounced dead at the scene and an autopsy later revealed he died from a broken neck.

Abney was charged with (1) operating a motor vehicle while intoxicated causing death, (2) operating a vehicle with .10% or more blood alcohol content causing death, and (3) leaving the scene of an accident resulting in death, all Class C felonies. The first two offenses required that Abney's driving "cause" Heffernan's death, while the third count required that the accident "result" in Heffernan's death. Thus the focus of Abney's trial was whether or not he caused Heffernan's death. At

trial, Abney contended it was possible that another vehicle had struck Heffernan first, and thrown Heffernan into Abney's car. To that end, Abney tendered a proposed jury instruction that stated: "If you find that the defendant's conduct caused the accident that produced the death of the victim, the State has proven the element of 'causation.' However, if you find that someone else's conduct caused the accident, you should find the defendant not guilty...."

The trial court refused Abney's tendered instruction and instead gave the jury the following instruction:

To prove the offense of operating while intoxicated causing death as charged in counts 1 and 2 of the information, the State must prove beyond a reasonable doubt the element of "causation."

In determining whether the defendant caused the death of the victim, you should focus upon the driving conduct of the defendant and not speculation on whether the defendant could have avoided the accident had he been sober.

If you find that the Defendant's driving conduct was a contributing cause to the accident that produced the death of the victim, the State has proven the element of "causation."

The jury found Abney guilty on all three counts. Abney also pleaded guilty to an enhancement based upon a prior, unrelated conviction for operating a vehicle while intoxicated. The trial court sentenced Abney to twenty years imprisonment.

On appeal, Abney argued that the trial court erred by instructing the jury that the State needed to prove only that Abney was a "contributing cause" of Heffernan's death, rather than a "substantial," "proximate" or "legal" cause. *Abney v. State*, 758 N.E.2d 72 (Ind.Ct.App.2001). The Court of Appeals agreed, holding that "a

substantial cause is required ... and the jury instructions should so advise." *Id.* at 76. The court also found that Abney was prejudiced by the erroneous instruction and therefore reversed the convictions and remanded for a new trial. The State petitioned this Court for transfer, contending that the Court of Appeals' opinion conflicts with another Court of Appeals decision, *Stephenson v. State,* 648 N.E.2d 395 (Ind. Ct.App.1995), and that the Court of Appeals misinterpreted this Court's opinion in *Micinski v. State,* 487 N.E.2d 150 (Ind. 1986).

## Causation

Indiana Code section 9–30–5–1(a) states: "A person who operates a motor vehicle with at least ten-hundredths percent (0.10%) by weight of alcohol in the person's blood commits a Class C misdemeanor." Section 9–30–5–5 states that a person who violates section 9–30–5–1 commits a Class C felony "if the crime results in the death of another person." In *Micinski v. State,* 487 N.E.2d 150, 154 (Ind.1986), this Court held that to prove a violation of these statutes, the State must show that: (1) the defendant drove while intoxicated; and (2) that act resulted in injury to another person. *Micinski* rejected the contention that the statute required the State to demonstrate that the defendant's intoxication—not his operation of the vehicle—directly and proximately caused the resulting injury, finding that it placed too great an emphasis on the intoxication and invited speculation as to whether the driver could have prevented the accident if sober. *Id.* at 153–54. *Micinski* went on to address the proof of causation required to sustain a conviction under the statute:

> There is, of course, a need to show causation; in the typical case a showing that the driver ran into the victim would suffice.....

This is not to say that a drunk driver who hits a child who has run out from between two parked cars is not entitled to ask a jury to find him not guilty because there is reasonable doubt whether he caused the collision. *Id.* at 154.

In *Stephenson v. State,* 648 N.E.2d 395 (Ind.Ct.App.1995), *trans. denied,* the defendant tendered an instruction, similar to Abney's, that would have required the State to prove that his operation of a vehicle while intoxicated "caused the motor vehicle accident which resulted in the death of another person." *Id.* at 396. That panel of the Court of Appeals referred to *Micinski's* statements on causation and held that "[t]he causation element recognized by *Micinski* refers to something akin to a contributing cause." *Id.* Presumably the trial court in this case relied on *Stephenson* in instructing the jury.

The Court of Appeals panel in this case distinguished *Stephenson* and took the view that *Micinski's* analogy of the intoxicated driver who strikes the suddenly appearing child demonstrates that more than a "contributing cause" was required. *Abney,* 758 N.E.2d at 75. The Court of Appeals concluded that the State must prove the defendant's operating a motor vehicle while intoxicated was a "substantial cause" of the resulting death, not a mere "contributing cause." *Id.* at 76.

We think the Court of Appeals' approach in this case more closely reflects what is required to sustain a conviction under section 9–30–5–5. As we stated in *Micinski* "[a]nalysis of this statute should focus on the driver's acts.... If the driver's conduct caused the injury, he commits the crime; if someone else's conduct caused the injury, he is not guilty." 487 N.E.2d at 154. This is simply a shorthanded way of stating the well-settled rule

that the State must prove the defendant's conduct was a proximate cause of the victim's injury or death. *Boswell v. State,* 250 Ind. 607, 609, 238 N.E.2d 283, 285 (1968) (citing, inter alia, *Dunville v. State,* 188 Ind. 373, 379, 123 N.E. 689, 691 (1919)); *Warner v. State,* 577 N.E.2d 267, 270 (Ind.Ct.App.1991). This was the basis for Abney's defense that, although his vehicle struck Heffernan's body, the evidence tended to show that another vehicle struck Heffernan first and threw Heffernan into Abney's vehicle. If the trier of fact accepts Abney's scenario, Abney's driving may not have been a proximate cause of Heffernan's death.

A "contributing cause" is "a factor that—though not the primary cause— plays a part in producing a result." Black's Law Dictionary 212 (7th ed.1999). If the State's view were correct, and proof that Abney's conduct was a "contributing cause" all that is necessary, the driver in the hypothetical posed in *Micinski* could have been convicted. Applying the State's reasoning here, all the State would need to prove was that Heffernan did not die until after Abney's vehicle struck him, and that Abney's vehicle striking Heffernan played some part in Heffernan's death. Yet if the jury concluded that Heffernan was unexpectedly hurled in front of Abney's car, Abney would be indistinguishable from the driver striking the darting child.

Abney's tendered instruction used the word "caused," which is the language from *Micinski.* Refusal to give Abney's instruction, and instructing as to the lesser standard of contributing cause was error. We do not agree with the dissent that *Micinski* stands for requiring a lesser level of causation than Abney's tendered instruction. The tendered instruction quoted from *Micinski.* Nor do we intend to resurrect the *Higginbotham* standard that *Micinski* rejected. *Higginbotham* sug-

gested that the State must prove a causal link between the intoxication and the injury. We did not agree with that argument in *Micinski,* nor do we now. Our concern here is the causal link between the driving conduct and the injury, and the requirement that the State prove that Abney's driving was more than a "contributing cause" of Heffernan's death.

■ We agree with the Court of Appeals that Abney was prejudiced by the error as to the first two counts. We note that the instruction on causation did not explicitly refer to the final count, leaving the scene of an accident resulting in death. However, the jury was instructed that, to prove that offense, the State must show the accident caused Heffernan's death. Because the jury was again required to apply a standard of causation, the erroneous instruction prejudiced Abney as to that conviction as well. *Lockhart v. State,* 609 N.E.2d 1093, 1101 (Ind.1993).

### Conclusion

We reverse Abney's convictions and remand for a new trial.

SHEPARD, C.J., and DICKSON and RUCKER, JJ., concur.

SULLIVAN, J., dissents with separate opinion.

SULLIVAN, Justice, dissenting.

I respectfully dissent. I think the instruction used by the trial court here (and approved by the Court of Appeals in *Stephenson v. State,* 648 N.E.2d 395 (Ind.Ct. App.1995), *trans. denied),* is faithful to this court's directives in *Micinski v. State,* 487 N.E.2d 150 (Ind.1986).

*Micinski* reversed a conviction for leaving the scene of an accident involving personal injury on grounds that the defendant was entitled to an instruction to the effect

that he needed to have "knowledge that there was an injury accident." 487 N.E.2d at 152. That holding—which drew two dissents—is not at issue in today's case. *Micinski* then went on to address defendant's claim that the evidence was insufficient on the element of causation to support his conviction on two counts of driving under the influence causing bodily injury. On this issue, our court unanimously rejected defendant's claim, saying:

> The [defendant urges and the] Court [of Appeals] agreed and held:
>
>> To convict under this statute, the state must prove beyond a reasonable doubt that the defendant (1) operated a vehicle (2) while intoxicated, and (3) that the intoxication did directly and proximately cause serious bodily injury.
>
> In effect, this construction of the statute leads the jury to ask a "but-for" kind of question: "Is it the driver's intoxication that caused him to hit the victim?" We conclude that this is not what the legislature intended. The statute creates a crime—driving while intoxicated—and adds higher penalties if the commission of this offense results in serious injury or the death of another person. There is, of course, a need to show causation; in the typical case a showing that the driver ran into the victim would suffice. We find nothing in the statute to indicate that the General Assembly intended to require that the State prove a causal link between the driver's intoxication and the fact that injury resulted from his driving.

487 N.E.2d at 153 (citation omitted). It seems to me clear from this language that *Micinski* sets the bar for proving causation at a level lower than that required by the majority today. Support for my reading of *Micinski* comes, I think, from the fact that *Micinski* explicitly disapproved *Higginbotham v. State* in which the Court of Appeals held:

> Based upon these circumstances we hold defendant was harmed by the lack of instruction on causation. The instruction did trace the wording of the statute as far as the "results in" language. It also spoke in terms of loss of normal control of one's faculties caused by use of alcohol. However, the instruction did not require the jury to find, in order to convict defendant, that the death was caused by or a consequence of the operation of a vehicle with loss of normal control of faculties because of intoxication.

427 N.E.2d 896, 900 (Ind.Ct.App.1981). It seems to me that the majority today resurrects the *Higginbotham* standard that *Micinski* rejected.

It is true, as the majority says, that *Micinski* goes on to discuss the hypothetical of the child darting into the street and says that a defendant is "entitled to ask a jury to find him not guilty because there is reasonable doubt whether he caused the collision." 487 N.E.2d at 154. I think the "substantial causation" language used by the trial court handles this hypothetical adequately—if I hit a child darting into the street, my driving is not a substantial cause of the accident. This was the explicit holding of *Stephenson,* a case in which we unanimously denied transfer.

I would affirm the judgment of the trial court.