Bobbie J. ROWE, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 75A05–0607–CR–384.

Court of Appeals of Indiana.

May 31, 2007.

**264**

June E. Bules, Plymouth, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Michael Gene Worden, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

Bobbie Rowe appeals her convictions for two counts of Operating a Vehicle with a Controlled Substance or its Metabolite in a Person's Blood Causing Death of Another Person, as Class B felonies, and Obstruction of Justice, as a Class D felony, following a jury trial. Rowe presents the following issues for our review:

1. Whether the omission in the information of an element of two of the charged offenses constitutes fundamental error.

2. Whether Indiana Code Section 9–30–5–5(b)(2) violates Article I, Section 23 of the Indiana Constitution.

3. Whether the State presented sufficient evidence to support her two Class B felony convictions.

4. Whether her sentence is inappropriate in light of the nature of the offenses and her character.

We affirm.

## FACTS AND PROCEDURAL HISTORY

On January 23, 2005, Rowe drove an ATV towing a sled in which three children were riding: Rowe's daughter, Charity Minix, and two minor girls, C.C. and J.C. Rowe initially drove the children around her backyard, but then she drove out onto an adjacent roadway to travel to a friend's house. Rowe knew it was illegal to operate an ATV on the roadway. It was dark outside, so Rowe illuminated the headlight on the ATV.

When Rowe saw an approaching vehicle, she slowed the ATV and came to a stop near the edge of the roadway. That action caused the sled to move into the path of the approaching vehicle, which was being operated by Lester Hensley. Hensley did not see the sled in time to avoid striking it. As a result of the collision, C.C. and J.C. died instantly, and Charity was treated for serious bodily injuries.

Police officers and emergency medical personnel arrived at the scene, and Starke County Deputy Sheriff Brett Hansen told Rowe that she could ride in the ambulance to the hospital with her daughter. Deputy Hansen also told Rowe that she would have to submit to blood and urine tests at the hospital, and Rowe agreed. But Rowe did not ride in the ambulance to the hospital. Instead, she drove the ATV from the accident scene to her house and telephoned her sister, Patricia Minix, to ask her to give her a urine sample. Rowe did not want to give her own urine sample because she had smoked marijuana within a "couple" of days of the accident. Transcript at 215. Minix agreed, and Rowe got Minix's urine sample before driving herself to the hospital.

Rowe also telephoned her friend Christina Roush, a laboratory technician at Starke Memorial Hospital who was not working that evening. Roush met Rowe at the hospital and arranged to take Rowe's urine and blood samples. Rowe had returned Minix's urine sample to her, and Minix had poured that sample down a bathroom sink. Ultimately, however, Roush collected a new urine sample from Minix to submit as Rowe's urine, but Rowe submitted her own blood for the blood test. The results of the blood test showed the presence of carboxy-THC, a metabolite of marijuana, in Rowe's blood. The significance of that result is that Rowe had ingested or was exposed to marijuana at some time during the previous week.

The State charged Rowe with two counts of operating a vehicle with a controlled substance or its metabolite in a person's blood causing death of another person, as Class B felonies; two counts of reckless homicide, as Class C felonies; and obstruction of justice, as a Class D felony. A jury found Rowe guilty as charged. The trial court entered judgment on the first two counts and the obstruction of justice count and sentenced Rowe to a total term of twenty-one and one-half years, with six years suspended to probation. This appeal ensued.

## DISCUSSION AND DECISION

### Issue One: Fundamental Error

■ Rowe first contends that the State "failed to allege[,] charge[, and prove] an essential element of the offense of being at least twenty-one years of age and operating a vehicle with a schedule I or II controlled substance in a person's blood causing death of another person [as a Class B felony]." Brief of Appellant at 5–6. Indiana Code Section 9–30–5–5(b) provides in relevant part:

A person at least twenty-one (21) years of age who causes the death of another person when operating a motor vehicle:

* * *

(2) with a controlled substance listed in schedule I or II of IC 35–48–2 or its metabolite in the person's blood; commits a Class B felony.

There is no minimum age requirement for the Class C felony version of the offense.

Here, the charging information states in relevant part as follows:

On or about the 23rd day of January, 2005, on County Road 250 W. in Starke County, State of Indiana, Bobbie J. Rowe did operate a motor vehicle with a Schedule I controlled substance or its metabolite in her blood, to-wit: Carboxy Tetrahydrocannabinol (THC), and in so doing caused the death of another person, to-wit: [C.C.].

The second charge, regarding the death of J.C., included the same language. Thus, Rowe is correct that the information did not include the age element of the offenses.

■ But Rowe did not raise these errors to the trial court, and they are waived. In an effort to avoid waiver, Rowe contends that the omissions constitute fundamental error. The fundamental error doctrine is extremely narrow. *Sandifur v. State*, 815 N.E.2d 1042, 1046 (Ind.Ct.App.2004), *trans. denied.* To qualify as fundamental error, an error must be so prejudicial to the rights of the defendant as to make a fair trial impossible. *Id.* Further, the error must constitute a blatant violation of basic principles, the harm, or potential for harm must be substantial, and the resulting error must deny the defendant fundamental due process. *Id.*

■ The purpose of an information is to apprise the accused of the nature of the accusation made so that preparations for mounting a defense can be made. *Wine v. State*, 637 N.E.2d 1369, 1375 (Ind.Ct.App. 1994), *trans. denied.* Here, Rowe cannot

show that she was unduly prejudiced by the omission of the age requirement from the charging information. Rowe does not assert, for example, how her trial strategy might have been different if the age requirement had been included in the information. *See, e.g., State v. Noil*, 807 So.2d 295, 313 (La.App. 5 Cir.2001) (observing "no defense to the charge was available to defendant—a 27–year–old man—on the basis of his age that might have been prejudiced by the omission [in the information]."). And Rowe certainly does not deny that she was over the required age at the time of the offenses.

Further, Jury Instruction No. 8 included the following:

On the date in question, there were statutes in the State of Indiana reading as follows:

A person who operates a vehicle with a controlled substance or metabolite listed in Schedule I of I.C. 35–48–2 or its metabolite in the person's blood and *at the time of the operation of the vehicle Defendant was twenty-one (21) or more years of age* and Defendant's operation of the vehicle caused the death of [C.C.].

Appellant's App. at 23 (emphasis added). Thus, the jury was informed of the age requirement for the Class B felony offense.

■ Finally, Rowe maintains that there was no evidence presented at trial showing her age. But one exhibit introduced at trial, a medical record, lists her birth date as December 5, 1962. And Rowe's daughter, Charity, testified that she was nineteen years old at the time of the offenses. By implication, then, Rowe was at least more than twenty-one years old at that time, having given birth to Charity nineteen years earlier. Finally, the jury got to observe Rowe when she testified at trial and could reasonably infer that Rowe was

over the age of twenty-one. Under these circumstances, we hold that Rowe's age was supported by sufficient evidence. *See Noil*, 807 So.2d at 313 (noting jury observation and circumstantial evidence can be used to infer the age of a defendant when no direct evidence of defendant's age is presented).

In sum, Rowe has not demonstrated that she was denied a fair trial by the omission of the age requirement from the information. Had she raised the issue to the trial court, the matter could have been easily resolved in time for trial. Rowe has not shown fundamental error.

### Issue Two: Indiana Constitution

Rowe next contends that Indiana Code Section 9–30–5–5(b)(2) violates Article I, Section 23 of the Indiana Constitution. In particular, she maintains that "the increased punishment for persons operating a vehicle with a schedule I or II controlled substance in their blood who are at least twenty-one years old is not reasonably related to any inherent characteristics which distinguish them from [a] person under twenty-one[.]" Brief of Appellant at 15. We cannot agree.

 Initially, the State points out that Rowe asserts this issue for the first time on appeal. Generally, a challenge to the constitutionality of a criminal statute must be raised by a motion to dismiss prior to trial, and the failure to do so waives the issue on appeal. *Adams v. State*, 804 N.E.2d 1169, 1172 (Ind.Ct.App.2004). Here, Rowe did not file a motion to dismiss on this issue, and she did not object to the constitutionality of the statute at trial. As such, the issue is waived. *See id.*

 Waiver notwithstanding, we address the merits of Rowe's claim. Article I, Section 23 of the Indiana Constitution states: "[t]he General Assembly shall not grant to any citizen, or class of citizens, privileges or immunities, which, upon the same terms, shall not equally belong to all citizens." In *Collins v. Day*, 644 N.E.2d 72, 80 (Ind.1994), our supreme court held that:

Article I, Section 23 of the Indiana Constitution imposes two requirements upon statutes that grant unequal privileges or immunities to differing classes of persons. First, the disparate treatment accorded to the legislation must be reasonably related to inherent characteristics which distinguish the unequally treated classes. Second, the preferential treatment must be uniformly applicable and equally available to all persons similarly situated. Finally in determining whether a statute complies with or violates Section 23, courts must exercise substantial deference to legislative discretion.

 In considering such a constitutional challenge to a statute, we presume that the statute is valid, and we place the burden upon the challenging party to clearly overcome the presumption by a contrary showing. *Kelver v. State*, 808 N.E.2d 154, 156–57 (Ind.Ct.App.2004). The party challenging the statute based on a purported improper classification must negate every reasonable basis for the classification. *Id.* All reasonable doubts must be resolved in favor of a statute's constitutionality. *Id.*

Here, the State points out that:

[a] rational distinction for treating [persons over twenty-one] differently than those under twenty-one years of age is the legislative determination that those who are twenty-one or older are more mature than those under twenty-one and should therefore be more accountable for their actions, particularly when it involves drinking or the use of drugs and driving. It is not unlike the

legislative determination that people in Indiana must be twenty-one or older in order to legally consume alcoholic beverages.

Brief of Appellee at 12. Rowe acknowledges that position, but rejects it, stating:

First, a younger person under twenty-one violating [Indiana Code Section] 9–30–5–5(a)(1) or (3)[, which results in a Class C felony unless the defendant has a prior conviction for operating while intoxicated within the past five years,] has already committed at least one other offense, to-wit: minor consuming. The statute actually benefits persons committing multiple offenses. Albeit, I.C. 9–30–5–5(b)(1) does contain the requirement of a higher alcohol concentration than I.C. 9–30–5–5(a)(1), which may justify the enhanced penalty more logically than the age of the offender. There is no difference between the requirements of I.C. 9–30–5–5(a)(2) and I.C. 9–30–5–5(b)(2) except the offender's age. This cannot withstand the constitutional analysis. A person eighteen, nineteen, or twenty years old understands the consequences of driving a vehicle after consuming too much alcohol or illegal drugs just as well as a person twenty-one or older.

Brief of Appellant at 15.

We are unpersuaded by Rowe's argument and hold that she has not rebutted the presumption of constitutionality. We agree with the State that a person over twenty-one years of age should be held to a higher standard when it comes to operating a motor vehicle under the circumstances contemplated under the statute. We reject Rowe's contention on this issue.

### Issue Three: Sufficiency of the Evidence

Rowe also contends that the evidence is insufficient to support her two convictions for operating a vehicle with a controlled substance or its metabolite in a person's blood causing death of another person. In particular, she asserts that her "operation of the ATV with Carboxy–THC in her blood" did not cause the deaths of C.C. and J.C. Brief of Appellant at 17. We cannot agree.

In support of her contention, Rowe directs us to *Abney v. State*, 766 N.E.2d 1175, 1177 (Ind.2002), where our supreme court held that a conviction for operating while intoxicated causing death requires proof that the defendant's operation of a motor vehicle while intoxicated was a "substantial cause" of the resulting death, not a mere "contributing" cause. The court in *Abney* restated the well-settled rule established in *Micinski v. State*, 487 N.E.2d 150, 154 (Ind.1986), that the State must prove that the defendant's conduct was a proximate cause of the victim's injury or death. *Id.* at 1178. But "conduct," in the context of *Micinski* and *Abney*, means the driver's act of operating the vehicle, not the particular manner in which the driver operates the vehicle. *Spaulding v. State*, 815 N.E.2d 1039, 1042 (Ind.Ct.App.2004).

Rowe's entire argument on this issue focuses on her assertion that "[t]his accident would have occurred whether she had the metabolite in her blood or not." Brief of Appellant at 16. But Rowe misses the point. As *Micinski* makes clear, the test is not whether the presence of the metabolite in Rowe's blood caused the accident, but whether she had the metabolite in her blood when she operated the ATV and caused the girls' deaths. 487 N.E.2d at 154. The State presented evidence that Rowe drove the ATV, with the girls on a sled in tow, onto a roadway, after dark. When Rowe stopped the ATV, the sled moved into the path of the oncoming vehicle. A blood test showed the presence of a marijuana metabolite in Rowe's blood.

The evidence is sufficient to support Rowe's Class B felony convictions.

### Issue Four: Sentence

Finally, Rowe contends that her sentence is inappropriate in light of the nature of the offenses and her character.[1] The determination of the appropriate sentence rests within the discretion of the trial court, and we will not reverse the trial court's determination absent a showing of manifest abuse of that discretion. *Bacher v. State,* 722 N.E.2d 799, 801 (Ind. 2000). The trial court's wide discretion extends to determining whether to increase the presumptive sentence, to impose consecutive sentences on multiple convictions, or both. *Singer v. State,* 674 N.E.2d 11, 13 (Ind.Ct.App.1996). If the sentence imposed is authorized by statute, we will not revise or set aside the sentence unless it is inappropriate in light of the nature of the offense and the character of the offender. Ind. Appellate Rule 7(B); *McCann v. State,* 749 N.E.2d 1116, 1121 (Ind.2001).

The presumptive sentence for a Class B felony is ten years,[2] and the trial court is permitted to add up to ten years for aggravating circumstances. *See* Ind.Code § 35–50–2–5 (2004). The presumptive sentence for a Class D felony is one and one-half years, and the trial court is permitted to add up to one and one-half years for aggravating circumstances. *See* Ind. Code § 35–50–2–7 (2004). Here, the trial court identified four aggravators and three mitigators. The trial court imposed the presumptive sentence on each count and ordered that those sentences run consecutively, for a total of twenty-one and one-half years, with six years suspended.

The trial court found the following aggravators: both victims of the two offenses were less than twelve (12) years of age; Rowe was in a position having the care, custody or control of the young victims; Rowe's sworn testimony regarding the circumstances of the accident and the collection of the urine sample at the hospital was not credible; and Rowe failed to appreciate the gravity of her reckless conduct and depreciated the deaths of the children and serious injury to her own daughter while plotting to cover her own illegal conduct. The trial court found the following mitigators: Rowe did not contemplate that she would cause serious harm to anyone; she has led a law-abiding life prior to the commission of the crimes; and she was remorseful.

On appeal, Rowe first contends that the trial court abused its discretion when it did not find certain factors to be mitigating. It is well settled that the finding of mitigating circumstances is within the discretion of the trial court. *Hackett v. State,* 716 N.E.2d 1273, 1277 (Ind.1999). The trial court is not obligated to explain why it did not find a factor to be significantly mitigating. *Chambliss v. State,* 746 N.E.2d 73, 78 (Ind.2001). An allegation that the trial court failed to identify or find a mitigating factor requires the defendant to establish that the mitigating evidence is both significant and clearly supported by the record. *Matshazi v. State,* 804 N.E.2d 1232, 1239 (Ind.Ct.App.2004), *trans. denied.*

Rowe asserts that the trial court should have found the unlikelihood that she would commit another offense of this nature to be mitigating. At sentencing, the trial

---

1. Rowe characterizes this issue as a challenge under Indiana Appellate Rule 7(B). But her argument consists entirely of a challenge to the trial court's weighing of aggravators and mitigators.

2. Because the offenses occurred in January 2005, the presumptive sentencing scheme applies.

court considered that proffered mitigator and rejected it, stating: "It was argued that I should find mitigating the crime was a result of circumstances unlikely to recur. I don't know that. So I can't say that. I suspect that it would never recur. But there's no proof that that would never recur." Sentencing Transcript at 61–62. We cannot say that the trial court abused its discretion in making that determination.

Rowe also maintains that the trial court should have found mitigating that she is "likely to respond affirmatively to probation or short-term imprisonment and that her character and attitude indicate that she is unlikely to commit another crime." Brief of Appellant at 19. But, again, the trial court considered that proffered mitigator and rejected it. And Rowe has not demonstrated an abuse of discretion.

Rowe challenges only one of the trial court's four listed aggravators.[3] She contends that "it was an error for the trial court to use as an aggravating circumstance that Rowe failed to appreciate the gravity of her conduct and depreciated [the] seriousness of the deaths of the children." Brief of Appellant at 20. But she does not support that contention with citation to authority.[4] Further, our review of the sentencing transcript shows that the aggravator is valid. The trial court stated, in full:

Also, the Court finds aggravating the fact that the defendant failed to appreciate the gravity of her reckless conduct and depreciated the deaths of the two children [who] were in your care, and the life-threatening injuries to your daughter, while you plotted and schemed to cover up your own criminal activity. As the prosecutor mentioned, of everything that I heard, that was perhaps one of the most disturbing is [sic] that while this had happened and out at the scene, the two children were deceased on the roadway, your daughter had been rushed away in an ambulance. You asked the officer if you could ride in the back of the ambulance. He said yes. And subsequently you were told that you couldn't by the EMT's or whomever. But then, instead of rushing directly to the hospital to be with your daughter not knowing what her outcome was, which eventually she was airlifted to Fort Wayne. You go to your sister's and talk about, and plan, and do, obtain her urine to take to the hospital, obviously more concerned about your own self at that point than your own daughter's well-being at the time that she suffered serious injuries, serious enough to have her airlifted to Fort Wayne. You were more concerned about whether or not anything was going to show up in your urine. I find that to be an aggravating factor.

Sentencing Transcript at 60–61. This aggravator clearly reflects the nature and circumstances of the crime and is a proper aggravator. *See, e.g., Haas v. State,* 849 N.E.2d 550, 555 (Ind.2006) (holding nature and circumstances of crime aggravator appropriate where trial court found nature of crime heinous).

Rowe has not persuaded us that the nature of the offenses and her character

---

3. In a single sentence, Rowe also states that the third listed aggravator is invalid. But she does not support that assertion with cogent argument or citation to authority, so the issue is waived.

4. Rowe appears to conflate that listed aggravator with a common aggravator used by trial courts, namely, that a reduced sentence would depreciate the seriousness of the crime. But as the sentencing transcript shows, that is not the aggravator that the trial court was considering.

warrant a lesser sentence. Her contention that the mitigators outweigh the aggravators is unavailing. And we agree with the trial court that Rowe's actions in the aftermath of the collision reflect very poorly on her character. Finally, the nature of the offenses reflects Rowe's conscious decision to drive an ATV illegally on a roadway, with gross endangerment to three young lives. We cannot say that Rowe's sentence is inappropriate in light of the nature of the offenses and the character of the offender.

Affirmed.

RILEY, J., and BARNES, J., concur.