**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEYS FOR APPELLANT:

**JOEL M. SCHUMM**
Appellate Clinic
IU Robert H. McKinney School of Law

**PAUL T. BABCOCK**
Certified Legal Intern
Appellate Clinic
IU Robert H. McKinney School of Law
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**IAN MCCLEAN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JOSEPH ROLLE, | ) | |
| | ) | |
| Appellant/Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A05-1406-CR-252 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee/Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Amy M. Jones, Judge
Cause No. 49F08-1401-CM-596

**December 29, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**VAIDIK, Chief Judge**

## Case Summary

Joseph Rolle was convicted of Class B misdemeanor disorderly conduct and Class C misdemeanor refusal to identify. On appeal, he argues that the evidence is insufficient to support his convictions. Because we find the evidence sufficient, we affirm the trial court.

## Facts and Procedural History

Rolle, a street performer, plays the drums and blows a whistle at various locations around downtown Indianapolis. On the afternoon of January 4, 2014, Indianapolis Metropolitan Police Department Lieutenant Joseph McAtee encountered Rolle playing his drums and blowing his whistle near 300 South Capitol Avenue. Lieutenant McAtee "pulled up along by [sic] [Rolle], got his attention, [and] motioned for him to stop playing the drums and leave." Tr. p. 7. Lieutenant McAtee then drove away. This was not Lieutenant McAtee's first encounter with Rolle; a week earlier, Lieutenant McAtee had informed Rolle "that [he] was done warning [Rolle] to quit . . . ." *Id.* Lieutenant McAtee had also arrested Rolle for disorderly conduct and failure to identify in 2012.

Later that night, Lieutenant McAtee encountered Rolle a second time. Rolle was still playing his drums and blowing his whistle near 300 South Capitol Avenue. The area was loud and full of people because the Indianapolis Colts were playing at nearby Lucas Oil Stadium. *Id.* at 6, 8. Lieutenant McAtee and his fellow officers were using whistles to direct traffic. *Id.* at 8 ("[The officers are] in the street, directing traffic, using a whistle to inform the other officers that we're getting ready to change traffic from pedestrian to vehicular traffic."). Rolle's drums and whistle, which were louder than "all the people in

2

the street and . . . all the noise," drowned out the officers' commands to one another as well as the instructions coming through their police radios. *Id.*

Lieutenant McAtee walked up to Rolle and "instructed him to stop several times." *Id.* at 10. Lieutenant McAtee also asked Rolle for his name, address, and identification. *Id.* at 9, 10, 12-14. Rolle responded that Lieutenant McAtee knew his name. *Id.* at 9, 11, 14. But despite his previous interactions with Rolle, Lieutenant McAtee could not remember his name. *Id.* at 9. Rolle "continued to play the drums while [Lieutenant McAtee] was trying to get him to stop." *Id.* at 9-10. Rolle told Lieutenant McAtee that "he wasn't going to stop and that [Lieutenant McAtee] would have to arrest him." *Id.* at 10. Because Rolle "refused to provide identification, refused to stop the drums . . . [and] started demanding that [Lieutenant McAtee] arrest him," Lieutenant McAtee placed him under arrest. *Id.*

The State charged Rolle with Class B misdemeanor disorderly conduct and Class C misdemeanor refusal to identify. Rolle's bench trial lasted two days, with a six-week lapse between the first and second trial dates. After the trial, the trial court found Rolle guilty as charged and imposed a suspended sentence on both counts, with credit for time served. *Id.* at 70-71; Appellant's App. p. 12. Rolle now appeals.

**Discussion and Decision**

Rolle argues that the evidence is insufficient to support his convictions for disorderly conduct and refusal to identify.

When reviewing the sufficiency of evidence, we do not reweigh evidence or judge witness credibility; rather, we consider only the evidence and reasonable inferences most

3

favorable to the judgment. *Wood v. State*, 999 N.E.2d 1054, 1063-64 (Ind. Ct. App. 2013) (citation omitted), *trans. denied*, *cert. denied.* This review respects the factfinder's "exclusive province to weigh conflicting evidence." *Id.* (citing *Allen v. State*, 844 N.E.2d 534, 536 (Ind. Ct. App. 2006), *trans. denied*). We must affirm if a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt based upon the probative evidence and reasonable inferences drawn from the evidence presented. *Id.*

In order to convict Rolle of misdemeanor disorderly conduct as charged in this case, the State was required to show that he recklessly, knowingly, or intentionally made unreasonable noise and continued to do so after being asked to stop. *See* Ind. Code § 35-45-1-3(a)(2). To convict Rolle of refusal to identify, the State was required to prove that Rolle knowingly or intentionally refused to provide either his name, address, and date of birth, or his driver's license to Lieutenant McAtee after he stopped Rolle for an infraction or ordinance violation. *See* Ind. Code § 34-28-5-3.5.

There is sufficient evidence to support Rolle's disorderly conduct conviction.[1] On the night of his arrest, Rolle was playing his drums and blowing his whistle near Lucas Oil Stadium. Lieutenant McAtee and his fellow officers, who were stationed near Rolle,

---

[1] Specifically, the evidence of Rolle's interaction with Lieutenant McAtee on the *night* of January 4 is sufficient to support his disorderly conduct conviction. On appeal, Rolle overlooks this evidence and argues that the trial court convicted him of disorderly conduct based on Lieutenant McAtee's previous orders to stop making noise—one order earlier in the day on January 4 and another a week earlier. Rolle bases his assertion in part on the trial court's statement in pronouncing sentence: "My notes do say that it was one week earlier [Lieutenant] McAtee told you to stop and so I am going to find that there is that previous order to stop . . . ." Tr. p. 70. We reject Rolle's view of the trial court's statement. The court made this statement on the second day of Rolle's trial, which took place six weeks after the first trial date, and just before making this statement, the court stated that it was having difficulty remembering all the evidence from the first trial date, including Lieutenant McAtee's testimony about the events on the night of January 4. We do not believe that the court's statement about Lieutenant McAtee's week-old order was the sole justification for its judgment of guilt—it was simply a reference to one piece of evidence presented six weeks earlier. When considering that evidence in light of the substantial other evidence favorable to the judgment, we find no error.

4

were using whistles to direct traffic. Although the area was loud and full of people attending a Colts game, Rolle's drums and whistle were louder than "all the people in the street and . . . all the noise," and drowned out the officers' commands to one another as well as the instructions coming through their police radios. Tr. p. 8. Lieutenant McAtee walked up to Rolle and "instructed him to stop several times." *Id.* at 10. Rolle continued to play the drums and told Lieutenant McAtee that he was not going to stop and that Lieutenant McAtee would have to arrest him. *Id.* Considering only the evidence and reasonable inferences most favorable to the trial court's judgment, we conclude that the evidence is sufficient to support Rolle's disorderly conduct conviction.[2]

We also find that there is sufficient evidence to support Rolle's conviction for refusal to identify. When Lieutenant McAtee approached Rolle and asked him to stop playing his drums and whistle, he also asked Rolle for his name, address, and identification. *Id.* at 12. Rolle refused to provide any identifying information and said that Lieutenant McAtee already knew his name. On appeal, Rolle argues that he cannot be guilty of knowingly refusing to identify himself because he "reasonably believed that Lieutenant McAtee knew his name, address, and date of birth because of their regular interaction and [Lieutenant] McAtee's prior arrest of Rolle." Appellant's Br. p. 15. But that is not a reasonable belief. Our law-enforcement officers cannot be expected to remember the names, addresses, and birth dates of every individual they encounter, even those they encounter frequently. Rolle had a statutory obligation to identify himself to

---

[2] Because the evidence shows that Lieutenant McAtee verbally instructed Rolle to stop playing the drums and blowing his whistle just minutes before his arrest, *see* Tr. p. 10, we need not address his argument that the disorderly conduct statute is unconstitutional as applied to him because his conviction was based on an hours-old or week-old instruction to stop playing the drums and blowing his whistle.

Lieutenant McAtee; his previous interactions with Lieutenant McAtee—including an arrest more than a year earlier—did not relieve him of his duty. We affirm Rolle's refusal-to-identify conviction.

Affirmed.

BAKER, J., and RILEY, J., concur.